

**NEAL K. KATYAL**
*Partner*
1850 K Street, NW, Suite 1100 | Washington, DC 20006
T: +1 (202) 835-7505
nkatyal@milbank.com | milbank.com

March 6, 2025

**Via CM/ECF**

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

    Re:    Opposition to Administrative Stay, *Harris v. Bessent*, No. 25-5055

Dear Mr. Cislak:

    The parties have agreed that appellee Cathy Harris will respond to the government's motion for a stay on March 10, 2025. We write now in response to the government's request for an immediate administrative stay, pending the resolution of the government's motion. We respectfully request that you circulate this letter to the Special Panel considering the government's request, and we will promptly file hard copies with the Court as well.

    For four reasons, the truly extraordinary remedy of an administrative stay is unwarranted in this case.

    *First*, the government offers no justification whatsoever to support its request for an administrative stay. The government's own litigation conduct, moreover, belies the notion that relief is at all necessary. On February 18, 2025, the District Court granted appellee a temporary restraining order. Since then, appellee has been performing her duties as a member of the Merit Systems Protection Board. As it did in *Dellinger v. Bessent*, No. 25-5028, the government appealed the temporary restraining order to this Court, which appeal was docketed as *Harris v. Bessent*, No. 25-5037. But in sharp contrast to *Dellinger*, in which the government promptly sought relief from this Court and later from the Supreme Court, the government completely abandoned the appeal in *Harris v. Bessent*. After sitting on its hands for two weeks, the government cannot now credibly claim some urgent need for an immediate administrative stay from this Court.

    *Second*, an immediate administrative stay would do great harm to the statutory scheme Congress set up. The Merit Systems Protection Board is comprised of three members, with two members constituting a quorum. The term of member Raymond Limon expired on March 1, 2025,

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

and his seat is vacant. If this Court were to stay the District Court's order, even temporarily, the Board would lose its quorum, which in turn would hamper the Board's ability to act pursuant to the statutes passed by Congress.

*Third*, the government's decision to pursue emergency relief in *Dellinger* but refrain from seeking similar relief in these proceedings until now reflects a simple truth: The merits issues in this case are nothing like those presented in *Dellinger*. Given the weaknesses of the government's arguments in this case, it would be inappropriate to enter an administrative stay pending the resolution of the motion.

As appellee explained to this Court in the *amicus* brief she submitted in *Dellinger*, that case raised the question of whether Congress may provide for cause-removal protection in the context of the single-director led Office of Special Counsel. In sharp contrast, this case involves a traditional "multimember expert agenc[y] that do[es] not wield substantial executive power." *Seila Law LLC v. CFPB*, 591 U.S. 197, 218 (2020). Indeed, as the District Court's decision below details, the Merit Systems Protection Board is a quintessential "adjudicatory body," *Wiener v. United States*, 357 U.S. 349, 356 (1958), of the kind long considered constitutional under the *Humphrey's Executor* framework, *see Humphrey's Executor v. United States*, 295 U.S. 602 (1935). The government's arguments to the contrary run straight into settled precedent.

As appellee also explained in her *amicus* brief in *Dellinger*, the government's argument that Article III courts cannot provide an effectual remedy in this context is simply wrong. This Court has repeatedly and recently recognized that courts may "enjoin 'subordinate executive officials' to reinstate a wrongly terminated official." *Severino v. Biden*, 71 F.4th 1038, 10431042-1043 (D.C. Cir. 2023) (quoting *Swan v. Clinton*, 100 F.3d 973, 980 (D.C. Cir. 1996)). Meanwhile, as the District Court also explained in the decision below, there is an extremely long history of Anglo-American courts providing "mandamus" as a "full and effectual remedy" "for wrongful removal." 3 W. Blackstone, Commentaries on the Laws of England *264. The government's silence on this point in its motion is telling and confirms that the government does not deserve any emergency relief, let alone an administrative stay.

We will discuss these points in greater detail in our filing four days from now. In the interim, an administrative stay is improper.

Respectfully Submitted,

*/s/ Neal K. Katyal*
Neal K. Katyal

*Counsel for Appellee Cathy A. Harris*

cc: All counsel of record (via CM/ECF)