UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Cathy A. Harris, in her personal capacity ) <br> and in her official capacity ) <br> as Member of the Merit Systems Protection Board, ) <br> ) <br> Appellee, ) <br> ) <br> v. ) <br> ) <br> Scott Bessent, in his official capacity ) <br> as Secretary of the Treasury, et al., ) <br> ) <br> Appellants. ) | Case No. 25-5037 |

**MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE**

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and D.C. Circuit Rule 29(b), Martin Akerman, pro se litigant and appellant in related cases, respectfully moves for leave to participate as amicus curiae in Case No. 25-5037 to provide relevant legal and factual arguments that are essential to the disposition of this case.

## INTEREST OF AMICUS CURIAE

The undersigned has direct, legally cognizable interests in this matter as a FOIA litigant and appellant in Akerman v. MSPB, Case No. 23-5309, seeking records that would substantiate Cathy A. Harris's inefficiency, neglect of duty, and malfeasance. The present case, Harris v. Bessent, et al. (25-5037), directly concerns her removal on the same grounds.

Additionally, the undersigned's pending litigation in the U.S. District Court for the District of Nevada, Case No. 2:24-cv-01602-GMN-EJY, implicates Harris and the MSPB in procedural due process violations, raising concerns relevant to this appeal.

Thus, amicus has substantial and direct knowledge of Harris's failure to perform statutory duties at MSPB, which would assist the Court in resolving issues central to this case.

## PARTIES CONTACTED

Pursuant to D.C. Circuit Rule 29(b), the undersigned has contacted all parties to the litigation regarding this motion for leave to participate as amicus curiae.

- The appellant and appellees were notified via email on March 12, 2025, regarding the undersigned's intention to file this motion and an amicus brief in support of appellants in Case No. 25-5037.

- No party has indicated opposition to this request.

- No party's counsel has provided explicit consent, but no objections have been raised.

This satisfies the Court's requirements for notifying interested parties regarding amicus curiae participation.

## ARGUMENT IN SUPPORT OF AMICUS PARTICIPATION

The undersigned's FOIA case and federal litigation provide specific evidence of the following:

1. <u>Neglect of Duty</u> – MSPB's ongoing refusal to disclose records related to whistleblower cases, demonstrating systemic failures in compliance under Harris's tenure.

2. <u>Inefficiency</u> – Prolonged FOIA delays and MSPB's noncompliance with statutory obligations indicate dysfunctional agency leadership under Harris.

3. <u>Malfeasance in Office</u> – Evidence from Nevada litigation (Case No. 2:24-cv-01602-GMN-EJY) and FOIA disclosures show MSPB's collusion in concealing procedural misconduct, thus demonstrating Harris's failure to uphold due process.

The removal of Harris hinges on proving inefficiency, neglect of duty, or malfeasance, and the undersigned's litigation directly substantiates these grounds.

## LEGAL STANDARD

Under Neonatology Assocs., P.A. v. Comm'r of Internal Revenue, 293 F.3d 128, 131 (3d Cir. 2002), this Court has granted amicus participation where the brief would aid the Court in resolving the matter before it.

Here, the undersigned's ongoing FOIA case and federal litigation uniquely qualify him to provide relevant factual and legal context to Harris's removal, making amicus participation beneficial to the Court's determination.

## SUPPORTING DOCUMENTATION

Attached to this motion are supporting appendices substantiating the necessity of amicus participation:

1. Tab 67 – Second Amended Complaint & Request for Injunction (Nevada Case No. 2:24-cv-01602-GMN-EJY).

2. Tab 67-1 – Factual Enhancements – Bill of Complaint 1602.

3. Tab 70 – Report and Recommendation (March 11, 2025) (Case No. 2:24-cv-01602-GMN-EJY).

4. Tab 71 – Objections to Report and Recommendation (March 12, 2025).

These documents confirm that the factual and procedural record of the undersigned's cases is directly relevant to Case No. 25-5037 and supports the removal of Harris from office.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully requests that this Court GRANT this Motion for Leave to Participate as Amicus Curiae in Case No. 25-5037.

Dated: March 13, 2025

Respectfully Submitted,

Martin Akerman, Pro Se
P.O. BOX 100057
Arlington, VA 22210
(202) 656-5601
makerman.dod@gmail.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and Circuit Rules 26.1 and 29(b), amicus curiae Martin Akerman states that he is an individual litigant proceeding pro se and is not affiliated with any corporation.

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted by Rule 32(f), it contains 568 words.

This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman font using Microsoft Word.

Dated: March 13, 2025

Martin Akerman, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025, I electronically filed the foregoing Notice of Intent to File Amicus Brief with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

Dated: March 13, 2025

Martin Akerman, Pro Se