UNITED STATES DISTRICT COURT

for the

District of Nevada

Las Vegas

| | | |
|---|---|---|
| MARTIN AKERMAN, PRO SE | ) ) ) ) | Case No. 2:24-cv-01602-GMN-EJY |
| *Plaintiff(s)* | ) ) | |
| -v- | ) ) ) | JURY DEMANDED |
| CESAR GARDUNO, BRETT BASLER, HENRY J. KERNER, JANE/JOHN DOES 1-100, ET AL | ) ) ) ) ) | |
| *Defendant(s)* | ) ) | |

# SECOND AMENDED COMPLAINT AND REQUEST FOR INJUNCTION

**I.   The Parties to This Complaint**

   **A.   The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|  |  |
|---|---|
| Name | Martin Akerman |
| Street Address | P.O. BOX 100057 |
| City and County | Arlington, Arlington County |
| State and Zip Code | Virginia, 22210 |
| Telephone Number | (202) 656-5601 |
| E-mail Address | makerman.dod@gmail.com |

B.   **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Cesar Garduno |
| Job or Title *(if known)* | Brigadier General, Nevada Air National Guard, Federalized |
| Street Address | State of Nevada Campus, 1 State of Nevada Way, Suite 100 |
| City and County | Las Vegas, Clark County |
| State and Zip Code | Nevada, 89119 |
| Telephone Number | (702) 486-3420 |
| E-mail Address *(if known)* | AGInfo@ag.nv.gov |

Defendant No. 2

| | |
|---|---|
| Name | Brett Basler |
| Job or Title *(if known)* | Colonel, Arkansas Army National Guard, Federalized |
| Street Address | 323 Center Street, Suite 200 |
| City and County | Little Rock, Pulaski County |
| State and Zip Code | Arkansas, 72201 |
| Telephone Number | (501) 682-2007 |
| E-mail Address *(if known)* | OAG@ArkansasAG.gov |

Defendant No. 3

| | |
|---|---|
| Name | Henry J. Kerner |
| Job or Title *(if known)* | Former Special Counsel, Office of Special Counsel, Agency; Chair, Merit Systems Protection Board |
| Street Address | 1730 M Street, NW #300 |
| City and County | Washington |
| State and Zip Code | District of Columbia , 20036 |
| Telephone Number | (202) 804-7000 |
| E-mail Address *(if known)* | info@osc.gov |

Defendant No. 4
Name: Henry Dellinger
Job or Title (if known): Special Counsel, Office of Special Counsel
Street Address: 1730 M Street, NW #300
City and County: Washington
State and Zip Code: District of Columbia, 20036
Telephone Number: (202) 804-7000
E-mail Address (if known): info@osc.gov

Defendant No. 5
Name: Cathy Harris
Job or Title (if known): Chair, Merit Systems Protection Board
Street Address: 1615 M Street, NW
City and County: Washington
State and Zip Code: District of Columbia, 20419
Telephone Number: (202) 653-7200
E-mail Address (if known): mspb@mspb.gov

Defendant No. 6
Name: Robert J. Conrad, Jr.
Job or Title (if known): Director, Administrative Office of the U.S. Courts
Street Address: 1 Columbus Circle NE
City and County: Washington
State and Zip Code: District of Columbia, 20544
Telephone Number: (202) 502-1100
E-mail Address (if known): info@ao.uscourts.gov

Defendant No. 7
Name: Office of Special Counsel
Job or Title (if known): Federal Agency
Street Address: 1730 M Street, NW #300
City and County: Washington
State and Zip Code: District of Columbia, 20036
Telephone Number: (202) 804-7000
E-mail Address (if known): info@osc.gov

Defendant No. 8
Name: Merit Systems Protection Board
Job or Title (if known): Federal Agency
Street Address: 1615 M Street, NW
City and County: Washington
State and Zip Code: District of Columbia, 20419
Telephone Number: (202) 653-7200
E-mail Address (if known): mspb@mspb.gov

Defendant No. 9  
Name: Office of Personnel Management  
Job or Title (if known): Federal Agency  
Street Address: 1900 E Street, NW  
City and County: Washington  
State and Zip Code: District of Columbia, 20415  
Telephone Number: (202) 606-1800  
E-mail Address (if known): info@opm.gov  

Defendant No. 10  
Name: Equal Employment Opportunity Commission  
Job or Title (if known): Federal Agency  
Street Address: 131 M Street, NE  
City and County: Washington  
State and Zip Code: District of Columbia, 20507  
Telephone Number: (800) 669-4000  
E-mail Address (if known): info@eeoc.gov  

Defendant No. 11  
Name: Department of Defense  
Job or Title (if known): Federal Agency  
Street Address: 1400 Defense Pentagon  
City and County: Washington  
State and Zip Code: District of Columbia, 20301  
Telephone Number: (703) 571-3343  
E-mail Address (if known): osd.pentagon.pa.list.public-affairs@mail.mil  

Defendant No. 12  
Name: Department of Labor  
Job or Title (if known): Federal Agency  
Street Address: 200 Constitution Avenue, NW  
City and County: Washington  
State and Zip Code: District of Columbia, 20210  
Telephone Number: (866) 487-2365  
E-mail Address (if known): contact-dol@dol.gov  

Defendant No. 13  
Name: U.S. Department of State  
Job or Title (if known): Federal Agency  
Street Address: 2201 C Street, NW  
City and County: Washington  
State and Zip Code: District of Columbia, 20520  
Telephone Number: (202) 647-4000  
E-mail Address (if known): info@state.gov

Defendant No. 14
Name: U.S. Army
Job or Title (if known): Federal Agency
Street Address: 1500 Army Pentagon
City and County: Washington
State and Zip Code: District of Columbia, 20310
Telephone Number: (703) 695-1717
E-mail Address (if known): usarmy.pentagon.hqda-ocpa@mail.mil

Defendant No. 15
Name: U.S. Air Force
Job or Title (if known): Federal Agency
Street Address: 1670 Air Force Pentagon
City and County: Washington
State and Zip Code: District of Columbia, 20330
Telephone Number: (703) 697-8150
E-mail Address (if known): saf.pa@pentagon.af.mil

Defendant No. 16
Name: National Security Agency
Job or Title (if known): Federal Agency
Street Address: 9800 Savage Road
City and County: Fort Meade, Anne Arundel County
State and Zip Code: Maryland, 20755
Telephone Number: (301) 688-6524
E-mail Address (if known): nsapao@nsa.gov

Defendant No. 17
Name: U.S. Postal Service
Job or Title (if known): Federal Agency
Street Address: 475 L'Enfant Plaza, SW
City and County: Washington
State and Zip Code: District of Columbia, 20260
Telephone Number: (800) 275-8777
E-mail Address (if known): usps.customer.care@usps.gov

Defendant No. 18
Name: Administrative Office of the U.S. Courts
Job or Title (if known): Federal Agency
Street Address: 1 Columbus Circle NE
City and County: Washington
State and Zip Code: District of Columbia, 20544
Telephone Number: (202) 502-1100
E-mail Address (if known): info@ao.uscourts.gov

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 19
Name: Social Security Administration
Job or Title (if known): Federal Agency
Street Address: 6401 Security Boulevard
City and County: Baltimore, Baltimore County
State and Zip Code: Maryland, 21235
Telephone Number: (800) 772-1213
E-mail Address (if known): OCO.Communications@ssa.gov

Defendants No. 20-119
Name: Jane/John Does 1-100
Job or Title (if known): Unknown individuals or entities to be identified through discovery
Street Address: TBD
City and County: TBD
State and Zip Code: TBD
Telephone Number: TBD
E-mail Address (if known): TBD

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

    X   Federal question             X   Diversity of citizenship


Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

- 5 U.S.C. § 7702: Governs mixed cases involving discrimination and appealable personnel actions before the Merit Systems Protection Board (MSPB), including Plaintiff's claims of age, race, disability, and "regarded as" discrimination linked to his suspension on April 24, 2022, exhausted with MSPB (e.g., DC-0752-22-0376-I-1) and EEOC (Right to Sue, October 2, 2024, and January 13, 2025).

- 42 U.S.C. § 2000e-16 (Section 717 of the Civil Rights Act of 1964): Prohibits race discrimination in federal employment, a basis for Plaintiff's mixed case exhausted with EEOC against Defendants' retaliatory actions following his whistleblowing.

- 29 U.S.C. § 633a (Section 15 of the Age Discrimination in Employment Act of 1967): Prohibits age discrimination in federal employment, a basis for Plaintiff's mixed case exhausted with EEOC against Defendants' actions targeting Plaintiff, over 40 years old.

- 29 U.S.C. § 791 (Section 501 of the Rehabilitation Act of 1973): Prohibits disability discrimination and "regarded as" discrimination in federal employment, a basis for Plaintiff's mixed case exhausted with EEOC against Defendants' use of fabricated mental health claims as pretext for suspension.

- 5 U.S.C. § 2302(b)(8): Prohibits retaliation for whistleblowing on procurement fraud and misuse of federal resources, exhausted with OSC and MSPB (e.g., DC-1221-25-0140-W-1), against Defendants including OSC, MSPB, and DOD for Plaintiff's disclosures.

- 5 U.S.C. § 2302(b)(9)(A)(i): Prohibits retaliation for exercising appeal rights, such as filing complaints with MSPB or EEOC, exhausted with OSC and MSPB, against Defendants for retaliating against Plaintiff's filings (e.g., ECF 14, Ninth Circuit Case 2024-6641).

- 5 U.S.C. § 2302(b)(9)(B): Prohibits retaliation for cooperating with investigations (e.g., OSC or Inspector General), exhausted with OSC and MSPB, against Defendants for Plaintiff's participation in whistleblower probes.

- 5 U.S.C. § 2302(b)(9)(C): Prohibits retaliation for testifying or assisting in proceedings, exhausted with OSC and MSPB, against Defendants for Plaintiff's involvement in related legal actions (e.g., FOIA Case 2023-5309).

- 5 U.S.C. § 2302(b)(9)(D): Prohibits retaliation for refusing to obey an order violating law or regulation, exhausted with OSC and MSPB, against Defendants for Plaintiff's resistance to unlawful directives tied to his suspension.

- 5 U.S.C. § 7703: Provides for judicial review of MSPB decisions in mixed cases and whistleblower claims, including Plaintiff's right to seek review in federal district court after exhaustion with MSPB and EEOC, applicable to both discrimination and 5 U.S.C. § 2302(b)(8) and (b)(9) violations.

- 50 U.S.C. § 3341(j)(8): In alignment with 5 U.S.C. § 2302(b)(8), Prohibits retaliation for whistleblowing in a manner that adversely affects security clearances, exhausted with OSC, DOD, and MSPB (requires transfer of Federal Circuit case 2024-1913).

- First Amendment to the U.S. Constitution: Guarantees the right to free speech, including whistleblowing, and the right to petition the government for a redress of grievances without abridgment, particularly from those agencies and individuals sworn and entrusted to protect this right.

- Second Amendment to the U.S. Constitution: Guarantees the right to be armed with accurate information and uncompromised case posture in a court of law (FOIA case pending transfer from the Circuit Court of Appeals for the D.C. Circuit 23-5309).

- Fourth Amendment to the U.S. Constitution: Protects against unlawful detention, at issue due to Plaintiff's forcible removal from his workplace on February 14, 2022, by Defendants Garduno and Basler (Appendix A, p. 19).

- Fifth Amendment to the U.S. Constitution: Guarantees due process, at issue due to Defendants' suspension of Plaintiff without notice or hearing on April 24, 2022 (Appendix A, p. 20).

- Eighth Amendment to the U.S. Constitution: Protects against cruel and unusual punishment, particularly deviations from punishment explicitly mandated by congress (see related Nevada replevin case 24-cv-01734).

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

   a. If the plaintiff is an individual

      The plaintiff, *(name)* Martin Akerman, pro se , is a citizen of the State of *(name)* Virginia .

      The plaintiff is proceeding IFP (ECF 15). Plaintiff is entitled to lenient consideration in the treatment of his filings, as recognized by federal courts under Haines v. Kerner, 404 U.S. 519, 520 (1972). Venue is proper in Nevada, see related replevin case 24-cv-01734.

2. The Defendant(s)

   Defendants are individuals

   a. Defendant, *(name)* Cesar Garduno , is a citizen and General Officer of the military of the State of *(name)* Nevada .

   b. Defendant, *(name)* Brett Basler , is a citizen and Senior Officer of the military of the State of *(name)* Arkansas .

C. **Additional Notes on Defendants and Jurisdiction:**

1. Plaintiff seeks damages, including punitive damages, against individual defendants Garduno and Basler in their individual capacities, pursuant to 42 U.S.C. § 1983, for actions taken under color of state law that violated Plaintiff's constitutional rights. These claims arise under federal law, and diversity jurisdiction further applies, as Plaintiff (Virginia) is a citizen of a different state from Garduno (Nevada) and Basler (Arkansas). The amount in controversy exceeds $75,000, given the significant damages requested.

2. Other defendants, including Henry J. Kerner (former Special Counsel, OSC), Henry Dellinger (OSC), Cathy Harris (MSPB), and Robert J. Conrad Jr. (Administrative Office of the U.S. Courts), are federal officials sued in their official capacities. Notably, Harris and Dellinger were removed from their positions by the President, further underscoring the contested nature of their actions. Claims against these individuals, as well as federal agencies (e.g., OSC, MSPB, DOD, OPM), arise under federal question jurisdiction, as federal entities lack state citizenship and are not subject to diversity jurisdiction. Where applicable, claims against these individuals in their personal capacities are brought under 42 U.S.C. § 1983 and Bivens, given their involvement in constitutional violations under color of federal law.

3. Jane/John Does 1-100 are unidentified individuals or entities whose citizenship is presently unknown. However, diversity jurisdiction remains proper based on the known diverse parties—Plaintiff (Virginia) versus Garduno (Nevada) and Basler (Arkansas)—as their inclusion does not destroy complete diversity at this stage. If any Doe defendants are later identified as non-diverse, they can be dismissed or realigned as necessary to preserve jurisdiction.

D. **Explanation of Jurisdiction:**

1. **Venue:** Venue is proper in the District of Nevada under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and at least one defendant, Garduno, resides in Nevada and acted under color of state law within this jurisdiction (e.g., forfeiture under 5 U.S.C. §§ 7513(b)(1) and 6329b(b)(2)(B)(iv)) occurred here, further supported by the related replevin case (24-cv-01734). Additionally, venue is proper for claims against federal defendants under 28 U.S.C. § 1391(e), as officers and agencies of the United States are named parties.

2. **Federal Question Jurisdiction:** This is the primary basis for jurisdiction. The claims against federal agencies and officials in their official capacities arise under federal statutes, including the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), the Rehabilitation Act, and various whistleblower protection laws, as well as constitutional violations of the First, Second, Fourth, Fifth, and Eighth Amendments. These claims have been properly exhausted through administrative agencies such as the MSPB and EEOC, thereby granting this Court jurisdiction under 28 U.S.C. § 1331. Additionally, claims for relief under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, and the Mandamus Act, 28 U.S.C. § 1361, further support jurisdiction over federal agency actions.

3. **Diversity of Citizenship Jurisdiction:** This Court also has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and certain defendants. Plaintiff is a citizen of Virginia, while Defendants Garduno (Nevada) and Basler (Arkansas) are citizens of different states. The amount in controversy exceeds $75,000, as Plaintiff seeks substantial compensatory and punitive damages.

**III.    Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

### BACKGROUND

Plaintiff, Martin Akerman, a former Chief Data Officer of the National Guard Bureau (NGB), appearing pro se, brings this action against the named defendants for unconstitutional acts taken under color of law, violations of federal statutory protections, and systemic obstruction. Plaintiff was subjected to unlawful retaliation after whistleblowing on fraud and abuse within the executive branch, leading to fabricated security clearance concerns, procedural irregularities, and the deprivation of due process.

Plaintiff was forcibly removed from his position on February 14, 2022, and unlawfully placed on indefinite unpaid suspension. Despite Plaintiff's efforts to seek recourse, the Office of Special Counsel (OSC), the Merit Systems Protection Board (MSPB), and other federal agencies failed to intervene, despite clear statutory obligations under 5 U.S.C. §§ 2302(b)(8) & (b)(9). These violations culminated in constructive discharge and the unlawful suppression of Plaintiff's protected disclosures.

As detailed in Appendix A (Memorandum in Support of Bill of Complaint), this case arises from coordinated state and federal actions that have violated federal constitutional and statutory provisions, including but not limited to:

1. Illegal detention and procedural due process violations under 5 U.S.C. §§ 6329b and 7513, carried out by National Guard officers acting under federal command.

2. Retaliation against Plaintiff for reporting fraud and abuse within the National Guard Bureau, leading to constructive discharge and the misuse of state military officers to evade judicial review.

3. Violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a(a), as Plaintiff was unlawfully removed and stripped of his employment benefits without due process.

4. Violations of the Posse Comitatus Act (18 U.S.C. § 1385) by state military officers acting under federal orders to suppress Plaintiff's ability to seek legal redress.

5. Unlawful suspension of security clearance and obstruction of Plaintiff's employment rights, in violation of 50 U.S.C. § 3341(j)(8).

As further detailed in Appendix B (Supreme Court 23M44), Plaintiff's whistleblower activities triggered direct retaliation through an abuse of federal and state power. Plaintiff reported concerns to the Office of Special Counsel (OSC), the Department of Defense Inspector General (DoD OIG), and other oversight entities, yet no meaningful action was taken.

Defendant Henry J. Kerner, former Special Counsel at OSC, was directly informed of Plaintiff's whistleblower disclosures regarding fraudulent procurement within the National Guard Bureau, yet he failed to investigate or issue a corrective action report. Instead, OSC misclassified Plaintiff's complaint, effectively sanctioning the unlawful retaliation.

Moreover, General Daniel R. Hokanson, Chief of the National Guard Bureau, and high-ranking officials in the Department of Defense, Army, and Air Force, actively participated in this systemic obstruction by:

1. Misrepresenting Plaintiff's employment status in federal proceedings to block his access to relief.

2. Suppressing OSC's investigation and obstructing the disclosure of key evidence that would have exonerated Plaintiff.

3. Utilizing state military officers (e.g., Arizona, Arkansas, and Nevada National Guard officials) to unlawfully detain Plaintiff and enforce an indefinite, unpaid suspension without due process.

Plaintiff references ECF 7 and ECF 47-1 to establish the factual predicate for OSC's authority to intervene and investigate corruption before this case proceeds to the merits.

### COUNT I: UNLAWFUL SEIZURE AND RETALIATORY DETENTION (42 U.S.C. § 1983)

#### (A) Where did the events occur?

Las Vegas, Nevada; Little Rock, Arkansas; Washington, D.C.; and Arlington, Virginia.

#### (B) Date and Time

1. February 14, 2022: Unlawful seizure and detention.

2. April 24, 2022: Indefinite suspension without due process.

3. Ongoing: Continuing obstruction and retaliation.

#### (C) Facts Supporting Claim

Defendants Brigadier General Cesar Garduno (Nevada Air National Guard) and Colonel Brett Basler (Arkansas Army National Guard) acted under color of state and federal law to forcibly remove Plaintiff from his position and detain him without due process. This action violated Plaintiff's Fourth and Fifth Amendment rights, as no hearing, charges, or legal basis justified his removal.

Despite Plaintiff's efforts to seek relief through OSC and MSPB, federal authorities refused to act, further compounding the constitutional violations.

### COUNT II: RETALIATION AND DUE PROCESS VIOLATIONS (42 U.S.C. § 1983, 29 U.S.C. § 633A)

#### (A) Where did the events occur?

Washington, D.C.; Arlington, Virginia; Nevada; and Arkansas.

#### (B) Date and Time

1. April 24, 2022: Suspension without due process.

2. May 3, 2023: OSC acknowledges errors but refuses corrective action.

3. Ongoing: Plaintiff remains deprived of employment and property rights.

#### (C) Facts Supporting Claim

Defendants Garduno, Basler, Henry J. Kerner (former OSC Special Counsel), Henry Dellinger (OSC), and Cathy Harris (MSPB) conspired to deprive Plaintiff of due process by orchestrating an indefinite suspension without affording him notice, an opportunity to respond, or any independent review.

OSC initially misclassified Plaintiff's claims, preventing effective adjudication. Even after acknowledging errors on May 3, 2023, OSC refused to act. These actions constitute retaliation under the Age Discrimination in Employment Act (ADEA), given Plaintiff's protected status.

### COUNT III: CONSPIRACY TO SUPPRESS WHISTLEBLOWER DISCLOSURES (42 U.S.C. § 1983, 5 U.S.C. § 2302(B))

#### (A) Where did the events occur?

Washington, D.C.; Arlington, Virginia.

#### (B) Date and Time

Ongoing: Plaintiff remains unable to work, with false allegations used to justify termination.

#### (C) Facts Supporting Claim

Defendants OSC, MSPB, DOD, OPM, EEOC, and the U.S. Army engaged in systemic efforts to suppress Plaintiff's whistleblower complaints regarding fraud, mismanagement, and unlawful personnel actions. These agencies failed to take required actions under 5 U.S.C. § 2302(b)(8) & (b)(9), allowing the unlawful removal to stand unchallenged.

By denying Plaintiff access to proper administrative adjudication, defendants obstructed justice and denied fundamental due process protections.

## COUNT IV: SYSTEMIC OBSTRUCTION AND ADMINISTRATIVE RETALIATION

### (A) Where did the events occur?

Federal and state agencies across multiple jurisdictions, including Washington, D.C., Nevada, Arkansas, and Virginia.

### (B) Date and Time

Ongoing: Agencies continue to suppress records, delay appeals, and mischaracterize claims.

### (C) Facts Supporting Claim

Federal agencies named as defendants—including OSC, MSPB, OPM, EEOC, DOD, and the Army—engaged in a pattern of obstruction, preventing Plaintiff from effectively challenging his removal. By manipulating procedural rules, suppressing critical evidence, and denying review under pretextual reasoning, these agencies violated Plaintiff's rights under the First Amendment Petition Clause and the Administrative Procedure Act (5 U.S.C. § 706).


IV.     **Irreparable Injury**

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Plaintiff has suffered substantial harm that cannot be fully remedied by monetary damages. The stigma associated with fabricated security clearance allegations, unlawful suspension, and continued suppression of evidence prevents Plaintiff from resuming his career in national security or obtaining comparable employment. The failure of federal agencies to act not only exacerbates the injury but sets a dangerous precedent allowing unaccountable retaliatory actions against whistleblowers.

Plaintiff references ECF 7 and ECF 47-1 to demonstrate that OSC's failure to conduct a meaningful investigation has prolonged these injuries. Without immediate injunctive relief, Plaintiff's professional and personal future will remain irreparably damaged.

Plaintiff respectfully requests coordination of this case with Akerman v. The Nevada National Guard et al., Case No. 2:24-cv-01734, currently pending in the U.S. District Court for Nevada. That case, which seeks a writ of mandamus, is fundamentally a replevin claim related to Plaintiff's federal tenure. It is closely linked to Ninth Circuit Petition for Writ of Habeas Corpus 2024-6166, which seeks to address the ongoing deprivation of Plaintiff's liberty and employment rights caused by the actions of the Defendants.

The overlapping legal and factual issues between the two cases, particularly regarding the actions taken under federalized authority, require coordinated judicial review to avoid inconsistent rulings and ensure the efficient resolution of Plaintiff's claims.

**V.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks the following relief for the constitutional violations, statutory violations, and irreparable harm caused by Defendants:

<u>A. Compensatory Damages</u>

$10,000,000 in total compensatory damages for:

- Economic losses from lost wages, benefits, and career advancement due to unlawful suspension and constructive discharge.

- Emotional distress and psychological harm from retaliatory actions, including fabricated security clearance concerns and reputational damage.

- Medical and rehabilitative costs incurred due to the psychological and physical toll of prolonged retaliation and obstruction.

- Lost earning capacity due to continued suppression of Plaintiff's ability to work in the national security sector.

<u>B. Punitive and Exemplary Damages</u>

$25,000,000 per individual named Defendant for:

- Malicious, willful, and reckless conduct in retaliating against Plaintiff's whistleblower disclosures.

- Deprivation of due process and suppression of exculpatory evidence that would have cleared Plaintiff's record.

- Fraudulent misrepresentations and procedural abuse that led to Plaintiff's indefinite suspension and constructive discharge.

- Obstruction of justice by failing to investigate Plaintiff's legally protected disclosures and retaliatory actions taken against him.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

<u>C. Equitable and Injunctive Relief</u>

Immediate Reinstatement with Back Pay and Benefits

- Restoration of Plaintiff's position, security clearance, and full employment benefits retroactive to February 14, 2022.

- Full restoration of federal tenure and acknowledgment of wrongful termination.

Expungement of All Retaliatory Records

- Immediate removal of false security clearance revocation claims and all negative personnel actions from Plaintiff's records.

- Official public acknowledgment that Plaintiff was improperly subjected to retaliatory personnel actions.

Court-Supervised Investigation into Systemic Retaliation

- Independent review of OSC's failure to investigate Plaintiff's whistleblower claims and retaliation.

- Referral to Congressional oversight committees and the Department of Justice for further action on the misuse of state military officers to circumvent federal employment protections.

Permanent Injunction Against Future Retaliation

- Prohibiting Defendants, their agents, and any federal or state actors from taking further retaliatory actions against Plaintiff.

- Ensuring full access to whistleblower protections without fear of obstruction, suppression, or procedural abuse.

<u>D. Declaratory Relief</u>

A Declaration that Defendants' Actions Violated Plaintiff's Constitutional and Statutory Rights, including:

- The First Amendment (retaliation for protected disclosures and petitioning the government for redress).

- The Fourth Amendment (unlawful seizure and detention).

- The Fifth Amendment (due process violations in indefinite suspension).

- The Eighth Amendment (cruel and unusual punishment by indefinite removal without process).

- The Civil Rights Act, ADEA, Rehabilitation Act, and Whistleblower Protection Act (retaliation for protected activities).

Plaintiff seeks all additional relief the Court deems just, proper, and necessary to remedy the irreparable harm caused by Defendants' unlawful conduct.

VI.     **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.     **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case−related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        3/3/2025

Signature of Plaintiff

Printed Name of Plaintiff        Martin Akerman