UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARTIN AKERMAN,                                    Case No. 2:24-cv-01602-GMN-EJY

            Plaintiff,

v.                                                 **REPORT AND RECOMMENDATION**

CAESAR GARDUNO, BRETT BASLER, et
al.,

            Defendants.

## I.    Introduction

Pending before the Court is Plaintiff Martin Akerman's Second Amended Complaint ("SAC"), which is his third attempt to successfully plead claims that may proceed before the Court. ECF No. 67. Plaintiff's SAC is screened under the same standard applied to Plaintiff's original and First Amended Complaints.

On November 7, 2024, the Court entered an Order confirming the Merit Systems Protection Board (the "MSPB"), National Guard Bureau, and Office of Special Counsel are government agencies properly dismissed with prejudice, as were individual defendants sued for money damages in their official capacities. ECF No. 27. The Court further dismissed Plaintiff's Posse Comitatus Act claim with prejudice because this is a criminal statute that does not authorize a civil cause of action. *Id.* at 3. To the extent Plaintiff reasserts claims against individuals and entities dismissed with prejudice, such claims are not revisited here.

## II.   Plaintiff Names Six Individuals and Eleven Federal Agencies as Defendants

Plaintiff names Cesar Garduno, Brett Basler, Henry Kerner, Henry Dellinger, Cathy Harris, and Robert J. Conrad, Jr. as individual defendants in this action  Plaintiff names the Office of Personnel Management ("OPM"), the Equal Employment Opportunity Commission ("EEOC"), the Department of Defense ("DOD"), the Department of Labor ("DOL"), the U.S. Department of State ("DOS"), the U.S. Army (the "Army"), the U.S. Air Force  (the "Air Force"), the National Security

Agency ("NSA"), the U.S. Postal Service (the "USPS"), the Administrative Office of the U.S. Courts (the "AO"), and the Social Security Administration ("SSA") as agency defendants.

### III.    Brief Summary of Plaintiff's Claims

Plaintiff identifies fifteen statutes and constitutional provisions as the basis for his claims. ECF No. 67 at 7. Plaintiff incorporates 117 pages of briefing, filed before the U.S. Supreme Court, into his 16 page SAC to create a 133 page pleading. Plaintiff claims federal question and diversity jurisdiction. *Id*. at 9. Plaintiff alleges, much as he has in the past, that the events at issue involve removal from his job, the failure of federal agencies to intervene, his constructive discharge, and his status as a whistleblower. *Id*. at 10-11. Plaintiff claims "high ranking officials in the" DOD, Army, and Air Force "participated in … systemic obstruction by … [m]isrepresenting Plaintiff's employment status in federal proceedings, … [s]uppressing … [the Office of Special Counsel's] investigation[,] … obstructing the disclosure of key evidence that would have exonerated Plaintiff[, and [u]tilizizng state military officers … to unlawfully detain Plaintiff and enforce an indefinite, unpaid suspension without due process." *Id*. at 11.

Without providing any details, Plaintiff says his first cause of action, alleging unlawful seizure and retaliatory detention under 42 U.S.C. § 1983, occurred in Las Vegas, Nevada; Little Rock, Arkansas; Arlington, Virginia; and Washington D.C. *Id*. The Court found no facts in Plaintiff's 16 page SAC (that is, the SAC without appendices) in support of the broad, conclusory allegations raised. *Id*. Plaintiff identifies three individuals who were allegedly involved in the wrongdoing, but other than stating these individuals acted under color of state law, Plaintiff offers no facts that tie any of these individuals to specific claims. *Id*.

Plaintiff's second cause of action alleges retaliation and due process violations under 42 U.S.C. § 1983 and 29 U.S.C. § 633A. *Id*. at 12. Plaintiff says the events underlying this claim occurred in Virginia, Nevada, Arkansas, and Washington D.C., but no event is described and nothing is offered to say who acted in which location. *Id*. Plaintiff concludes he was suspended without due process on April 24, 2022; on May 3, 2023 the Office of Special Counsel, which was dismissed with prejudice from this action, acknowledged errors but refused corrective action; and he remains deprived of his employment and property rights. *Id*. Plaintiff identifies three individuals allegedly

involved in non-specified activities, and adds a reference to the Age Discrimination in Employment Act ("ADEA"). *Id.* The SAC does not refer to a charge of discrimination relating to the ADEA or that a right to sue letter was issued. *Id.*[1]

Plaintiff's third cause of action alleges conspiracy to suppress whistleblower disclosures under 42 U.S.C. § 1983 and 5 U.S.C. § 2302(B). *Id.* Plaintiff claims the events in support of this cause of action occurred in Arlington, Virginia and Washington, D.C. and identifies two dismissed Defendants along with the Army, DOD, OPM, and EEOC as engaging in efforts to prevent Plaintiff's whistleblowing activity. *Id.* Plaintiff alleges no facts in this cause of action to support his claim. *Id.*

Finally, Plaintiff's fourth cause of action alleges systemic obstruction and administrative retaliation, with events supposedly occurring in Nevada, Arkansas, Virginia, and Washington, D.C. *Id.* at 13. Plaintiff again identifies two dismissed Defendants along with the Army, DOD, OPM, and EEOC as engaging in this activity. Plaintiff does not allege any specifics supporting these claims in the 16 page SAC itself. *Id.*

**IV.    Analysis**

A.    Plaintiff's SAC, to the Extent it Incorporates 117 Pages of Briefing, is Prolix.

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought …." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). As explained by the Ninth Circuit, "to state a federal claim, it is not enough to invoke a constitutional provision or to come up with a catalogue of federal statutes

---

[1]    Well settled law establishes that an amended complaint supersedes a previously filed complaint and any references in the previous complaint are irrelevant. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent") (internal brackets, quote marks, and citation omitted); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

allegedly implicated. Rather, … it is necessary to state a claim that is substantial...." *Ellis v. Corporation*, Case No. CV-18-4088-PHX-JAT, 2018 WL 6727259, at *3 (D. Ariz. Dec. 21, 2018) *quoting Noatak v. Hoffman*, 896 F.2d 1157, 1166 (9th Cir. 1990) (Kozinski, J. dissenting) (majority opinion rev'd 501 U.S. 775 (1991)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007); *see also Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003) (noting that "a frivolous suit does not engage the jurisdiction of the district court").

The Court is empowered to dismiss, without leave to amend, an excessively long and prolix complaint. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). As explained in *Cafasso*, allowing Plaintiff to proceed with his SAC and 117 pages of appendices would "burden … [Defendants] with the onerous task of combing through [an excessively long complaint] just to prepare an answer that admits or denies such allegations and to determine what claims and allegations must be defended or otherwise litigated." *Id*. "[T]he very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Federal Rule of Civil Procedure 8 requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted).

There are virtually no facts alleged in the SAC without the 117 pages of appendices. Indeed, other than identifying dates and broad events, such as being removed from his job without due process, Plaintiff's SAC provides no facts upon which the Court can determine if he states claims based on any of the 15 or so theories he identifies against the eleven agency and six individual Defendants. *Id*. Neither the Court nor Defendants are required to comb through Plaintiff's 133 pages of filing, 117 of which were filed before the U.S. Supreme Court, to determine if there are nuggets contained in those pages that might ultimately state a claim.

For this reason alone, the Cour finds Plaintiff's SAC should be dismissed without prejudice, but without leave to amend for purposes of filing a third amended complaint, which would be the fourth attempt to plead a viable claim.

4

1      B.    <u>Plaintiff Fails to Plead Sufficient Facts to Establish Personal Jurisdiction Over the
2            Out of State Individual Defendants</u>.

3      Although Plaintiff broadly alleges some unidentifed events occurred in Nevada that relate to

4 his first, second, and fourth causes of action, Plaintiff does not identify what these events were or

5 which Defendants engaged in wrongful actions (or inactions) such that personal jurisdiction is

6 established over any of the individual Defendants.  The Court notes that Ms. Harris along with

7 Messrs. Basler, Kerner, Dellinger, and Conrad are all identified as located in Washington, D.C.  ECF

8 No. 67 at 2-3.  None are identified as ever having been in Nevada, interacted with Plaintiff in Nevada

9 over the issues raised in the SAC, or otherwise had minimum contacts with the State.  *See id*.,

10 generally.  In sum, Plaintiff fails to plead a basis for the exercise of personal jurisdiction over these

11 five Defendants.

12      Federal district courts are courts of limited jurisdiction, possessing only that power

13 authorized by Constitution and statute.  *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024,

14 1027 (9th Cir. 2011) (quotation omitted).  As a general matter, if a relevant federal statute does not

15 provide for personal jurisdiction, the "district court applies the law of the state in which the court

16 sits."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing Fed. R.

17 Civ. P. 4(k)(1)(A)).  Nevada's long-arm statute is coextensive with the requirements of federal due

18 process.  NRS 14.065; *Abraham v. Agusta, S.P.A.*, 968 F.Supp. 1403, 1407 (D. Nev. 1997).

19 Consequently, the personal jurisdiction analysis under Nevada law and federal due process are the

20 same.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).  For an

21 exercise of personal jurisdiction to comport with federal due process, the non-resident defendant

22 must have certain "minimum contacts" with the forum state such that an exercise of jurisdiction

23 "does not offend traditional notions of fair play and substantial justice."  *Id.* at 801 (quoting *Int'l

24 Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Personal jurisdiction may be general (based on

25 a forum connection unrelated to the underlying suit) or specific (based on an affiliation between the

26 forum and the underlying controversy).  *See*, *e.g.*, *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir.

27 2015) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)).  It is Plaintiff's burden to

28

5

establish jurisdiction as he is the party asserting the Court may properly exercise personal jurisdiction over Defendants. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

Plaintiff alleges no facts providing a basis for the exercise of general jurisdiction and fails to allege any facts tying any event in Nevada, which supposedly underlies the claimed wrongdoing, to any of the five out of state individual Defendants. ECF No. 67. The minimum requirement for personal, specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (internal brackets in original; internal citation omitted). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out beyond its home." *Id.* at 1025 (citations omitted). Plaintiff's SAC fails to state even one fact that ties any of the five non-Nevada individual Defendants (Brett Basler, Henry Kerner, Henry Dellinger, Cathy Harris, and Robert J. Conrad, Jr.) to any conduct in the State of Nevada sufficient to establish jurisdiction. ECF No. 67. These Defendants are not required to comb through 133 pages to try and determine if there is some allegation that might state a basis for jurisdiction. The Court finds Plaintiff's SAC fails to establish personal jurisdiction over the five Defendants who are not residents of Nevada, and for that reason the Court recommends Ms. Harris, Mr. Basler, Mr. Kerner, Mr. Dellinger, and Mr. Conrad should be dismissed with prejudice.

C.   Plaintiff Fails to State a Claim Against Brigadier General Cesar Garduno.

Only one Defendant is alleged to be located in Nevada—Brigadier General Cesar Garduno ("Garduno"). With respect to Garduno, Plaintiff alleges conclusions on pages 7, 8, 9, 11, and 12 of the SAC (ECF No. 67). Conclusory allegations are insufficient to state a due process claim against a defendant. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). *See also Simmons v. Sacramento County Sup.Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations of conspiracy to deprive plaintiff of due process insufficient to state a claim).

Further, the Civil Service Reform Act (5 U.S.C. § 7103 *et seq.*) "created a comprehensive system for reviewing actions taken by most federal agencies against their employees, and the [A]ct provides a variety of legal protections and remedies for federal employees. It also funnels review of

agency decisions to the Merit Systems Protection Board … subject to review by the United States Court of Appeals for the Federal Circuit (Federal Circuit)."  https://crsreports.congress.gov/product/pdf/R/R44803 (last visited March 8, 2025).  Thus, to the extent Plaintiff asserts a claim against Garduno under statutes that are part of the Civil Service Reform Act, such claim must be first exhausted before the MSPB, and then appealed to the Federal Circuit.  This leads the undersigned to conclude Plaintiff's claim under 5 U.S.C. § 7513 cannot proceed in the U.S. District Court for the District of Nevada.

Likewise, 5 U.S.C. § 6329b is a code pertaining to federal employees who are placed on investigative or notice leave.  The Court could find no authority creating a private right of action under this statute.  Plaintiff provides no authority for bringing this claim in federal court.  To the extent a claim for violation of rights under this statute falls under the Civil Service Reform Act, the claim must have been brought first before the MSPB and then on appeal to the Federal Circuit.  Again, this claim cannot proceed in the U.S. District Court for the District of Nevada.

In sum, the Court recommends dismissing all claims against Garduno based on the failure to state a claim upon which relief may be granted.  Because this is Plaintiff's third pleading attempt, the Court recommends these claims be dismissed without prejudice, but also without leave to amend.

        D.    <u>The OPM, EEOC, DOD, DOL, DOS, AO, SSA, USPS, NSA, Army, and Air Force, Are Immune from Suit for Money Damages and Plaintiff Otherwise Fails to State a Claim.</u>

Well settled law establishes that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Each of the named Defendants identified above are government agencies and Plaintiff alleges no waiver of immunity from suit.  ECF No. 67.  Thus, the Court finds all of the governmental agencies named in Plaintiff's SAC are immune from suit for money damages.  *See*, for example, *Lane v. Pena*, 518 U.S. 187, 192 (1996) (to the extent Plaintiff is attempting to sue the EEOC, the EEOC is immune from suit unless sovereign immunity is expressly waived); *Brazil v. Off. of Pers. Mgmt.*, 35 F. Supp.3d 1101, 1109 (N.D. Cal. 2014) (as a federal government agency, the OPM has sovereign immunity from suit absent a waiver); *Graham v. Federal Emergency Management Agency*, 149 F.3d 997, 1005 (9th Cir. 1998) (the Department of Labor is immune from suit in the absence of any statute

1    unequivocally providing for waiver of the agency's sovereign immunity); *Garcia-Esparza v.*

2    *Farrington*, Civil Action No. 19-11595, 2019 WL 6312428, at *2 (E.D. Lousiana Oct. 31, 2019) ("a

3    federal agency like the Administrative Office of the United States Courts" is immune from suit)

4    (citing *FDIC*, 510 U.S. at 484-86); *Braun v. National Security Agency*, Case No. CV-15-18-H-DLC-

5    JTJ, 2015 WL 12591719, at *1 (D. Mont. July 31, 2015) (the NSA is immune from action for actual

6    damages); *Friedlander v. United States Postal Service*, 658 F.Supp. 95, 1010 (D.D.C. 1987)

7    ("Congress did not intend to create a private [postal service] business, rather, it desired a more

8    efficient government agency"); *Jost v. State of Oregon*, 923 F.2d 862 (Table), 1991 WL 3300, at *1

9    (Jan. 17, 1991) (there is no evidence that Plaintiff pursued administrative remedies provided for in

10    42 U.S.C. § 405, and that there is no waiver of immunity for compensatory damages for actions

11    taken by the Social Security Administration); *Wiggins v. United States Army*, Case No. C 94-2978

12    VRW, 1994 WL 508814, at *1 (N.D. Cal. Sept. 2, 1994) (finding, in the absence of identified waiver

13    or exhaustion, neither alleged by Plaintiff here, the Army (and, by extension, the Air Force) is

14    immune from civil suit).

15        Further, Plaintiff has not stated a claim for non-monetary relief.  Each of Plaintiff's

16    allegations regarding injunctive or declaratory relief is asserted as a conclusion.  ECF No. 67 at 7-8,

17    10-13.  *Strojnik v. Lonesome Valley Hospitality LLC*, Case No. CV-20-08276-PHX-SPL, 2020 WL

18    7041347, at *3 (D. Ariz Dec. 1, 2020) ("conclusory statement" is insufficient to support finding

19    plaintiff would "suffer imminent injury" necessary to establish standing to seek injunctive relief);

20    *Taylor v. Bosco Credit, LLC*, Case No. 18-cv-06310-JSC, 2018 WL 6511150, at *5 (N.D. Cal. Dec.

21    11, 2018) (a single conclusory allegation is insufficient to state a claim for declaratory relief).  And,

22    at the risk of redundancy, Defendants are not required to hunt for allegations in 117 pages of

23    appendices that might support a claim for relief.  *Cafasso*, 637 F.3d at 1059; *McHenry*, 84 F.3d at

24    1178; *Yamaguchi*, 109 F.3d at 1481.[2]

25

26    _____
      [2]        The Court notes that to the extent Plaintiff brings whistleblower claims based on events pertaining to his actions

27    while employed as a federal employee, those claims must be brought and exhausted through Civil Service Reform Act
      procedures and then appealed to the Federal Circuit. *Elgin v. Dep.'t of Treasury*, 567 U.S 1, 11 (2012) ("Chapter 77 of
      the CSRA exhaustively details the system of review before the MSPB and the Federal Circuit"); *Rivera v. United States*,

28    924 F.2d 948, 951 (9th Cir. 1991) ("To permit FTCA claims to supplant the CSRA's remedial scheme certainly would
      defeat that purpose."); *Lehman v. Morrissey*, 779 F.2d 526, 527 (9th Cir. 1985) ("[I]n enacting the 'CSRA' Congress

**V.    Recommendation**

Based on the foregoing, and that this is Plaintiff's third attempt to plead a claim after prior screening orders providing guidance regarding shortcomings in prior complaints, IT IS HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint (ECF No. 67) be DISMISSED in its entirety.

IT IS FURTHER RECOMMENDED that all of Plaintiff's claims against all federal agencies seeking money damages be dismissed with prejudice based on Eleventh Amendment immunity.

IT IS FURTHER RECOMMENDED that all of Plaintiff's claims against the named federal agencies seeking injunctive or declaratory relief be dismissed without prejudice, but without leave to amend in this Court, because (1) the SAC is prolix, (2) the SAC fails to state a claim, and, (3) with respect to claims arising from employment that fall under the Civil Service Reform Act, jurisdiction lies in the Federal Circuit Court.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against Brett Basler, Henry Kerner, Henry Dellinger, Cathy Harris, and Robert J. Conrad, Jr. be dismissed with prejudice based on a lack of personal jurisdiction.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against Brigadier General Cesar Garduno be dismissed without prejudice but without leave to amend his claims as Plaintiff has had multiple opportunities to plead a claim, which he has not done, as well as because (1) he fails to state a claim upon which relief may be granted, (2) there is no private right of action for claims under 5 U.S.C. § 6329, and (3) any claims arising from his employment falling under the Civil Service Reform Act must be brought in the Federal Circuit.

Dated this 11th day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

meant to limit remedies of federal employees bringing claims closely intertwined with their conditions of employment to those remedies provided in the statute.").

**NOTICE**

Under to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit has also held that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).