Martin Akerman
P.O. BOX 100057
Arlington, VA 22210
(202) 656-5601
makerman.dod@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
Las Vegas

| | |
|---|---|
| MARTIN AKERMAN, PRO SE | Case No. 2:24-cv-01602-GMN-EJY |
| Plaintiff, | |
| v. | PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF 70) |
| CAESAR GARDUNO, HENRY DELLINGER, BRETT BASLER, HENRY J. KERNER, AND JANE/JOHN DOES 1-100, | JURY DEMANDED |
| Defendants. | |

## INTRODUCTION

The Magistrate Judge recommends dismissing Plaintiff's Second Amended Complaint (SAC) in its entirety based on three asserted grounds: (1) prolixity; (2) failure to state a claim; and (3) alleged jurisdiction in the Federal Circuit under the Civil Service Reform Act (CSRA). Additionally, the R&R suggests dismissing claims against defendants Bassler, Kerner, Dellinger, Harris, Conrad, and Garduno on jurisdictional grounds.

Plaintiff respectfully objects to each recommendation as outlined below.

## SPECIFIC OBJECTIONS

### 1. The Second Amended Complaint (SAC) is Properly Formatted, Concise, and Conforms to Pro Se Standards

The SAC (ECF No. 67) is a 16-page filing that strictly adheres to the Court's pro se complaint form, as required under Local Rules and federal pro se litigation standards. The assertion that the SAC is overly lengthy or unclear is misplaced and unfounded.

The attachments filed as ECF Nos. 67-1 and 67-2—

- Appendix A: Supreme Court Memorandum in Support (ECF No. 67-1), and
- Appendix B: Supreme Court 23M44 (ECF No. 67-2)

—were not part of the SAC itself. These documents were submitted separately to provide necessary background and factual support in accordance with Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

These attachments ensure compliance with modern pleading standards by demonstrating plausible claims with concrete factual allegations. The Magistrate's recommendation to dismiss the case based on prolixity or procedural non-compliance is legally improper and unwarranted.

### 2. Sua Sponte Dismissal is Procedurally Improper and Violates Due Process

The sua sponte dismissal of Plaintiff's claims is procedurally improper and violates due process because Defendants have not moved to dismiss, and Plaintiff's in forma pauperis (IFP) status was granted in ECF 15, requiring the United States Marshal to effect service of process under 28 U.S.C. § 1915(d). The Ninth Circuit has consistently held that IFP litigants must be given the opportunity to have their claims adjudicated before dismissal. See Haines v. Kerner, 404 U.S. 519 (1972) (pro se pleadings must be liberally construed); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (dismissal without notice and opportunity to respond violates due process).

Moreover, the Ninth Circuit has specifically ruled that an IFP plaintiff is entitled to rely on the U.S. Marshal for service, and failure by the Marshal to serve a defendant constitutes good cause under Rule 4(m), precluding dismissal for failure to serve. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994); Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990).

Here, the Court has not made a finding that Plaintiff failed to provide sufficient identifying information for service, nor has it afforded Plaintiff the opportunity to address any alleged service deficiencies before dismissal. The Ninth Circuit has repeatedly held that an IFP litigant should not be penalized for the U.S. Marshal's failure to effect service when the plaintiff has provided the necessary information to identify the defendant. See Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990). Sua sponte dismissal without first ensuring proper service violates both procedural fairness and controlling Ninth Circuit precedent. Accordingly, this Court must vacate the R&R's dismissal recommendation and ensure service proceeds under IFP as granted in ECF 15, in compliance with 28 U.S.C. § 1915(d) and Rule 4(m).

### 3. Fully Exhausted Administrative Remedies Confirm District Court Jurisdiction

Plaintiff has fully exhausted administrative remedies through the MSPB and EEOC, confirming that the Federal Circuit lacks jurisdiction over this case (Ninth Cir. Case No. 2024-6641, ECF 15.1 at 1). The Magistrate's conclusion that jurisdiction lies in the Federal Circuit is legally incorrect and contradicts binding precedent under 5 U.S.C. § 7702(e)(1)(B), which governs mixed cases.

A. The Administrative Machinery Has Reached Finality, Establishing District Court Jurisdiction

Under 5 U.S.C. § 7702, a mixed case involves both:

1. An adverse personnel action appealable to the MSPB; and
2. An allegation of discrimination under Title VII, the ADEA, or other civil rights laws.

> *"If the MSPB fails to issue a judicially reviewable decision within 120 days, the employee is entitled to file a civil action in federal district court."*
>
> 5 U.S.C. § 7702(e)(1)(B) (emphasis added).

The D.C. Circuit in Ikossi v. Dep't of Navy, 516 F.3d 1037 (D.C. Cir. 2008), reaffirmed that district courts have jurisdiction over both discrimination and non-discrimination claims once the MSPB fails to act within 120 days:

> *"Once an employee has followed the prescribed administrative procedures, the administrative machinery has run its course, and she may seek relief in federal court."*
>
> Ikossi, 516 F.3d at 1044.

B. Plaintiff Has Exhausted MSPB and EEOC Remedies

1. MSPB Cases (Whistleblower Retaliation and Discrimination)

- DC-1221-22-0257-W-2 and DC-1221-22-0445-W-2 (pending transfer from MSPB, past the 120-day exhaustion period under 5 U.S.C. § 7702(e)(1)(B)).
- DC-1221-25-0140-W-1 (ECF 39-3).
- DC-3443-22-0296-I-1 (ECF 14).
- DC-0752-22-0376-I-1 (Ninth Cir. Case Nos. 2024-6641 and 2024-6975).

These cases involve discrimination, whistleblower retaliation, and due process violations and have been fully exhausted (see ECF 47-1, where OPM and OSC were granted a window until 1/31/2025 to mitigate damages).

2. EEOC Cases (Discrimination and Retaliation)

Plaintiff fully exhausted EEOC claims against Henry Kerner, Henry Dellinger, Cathy Harris, and Robert J. Conrad, Jr. at the agency-head level, entitling him to proceed with civil actions (ECF 14 and Ninth Cir. Case No. 2024-6641).

C. Ninth Circuit Precedent Confirms District Court Jurisdiction

The Ninth Circuit has ruled that employees who suffer whistleblower retaliation or due process violations in federal employment are entitled to bring their claims in district court under 5 U.S.C. § 7703(b)(2) (Kerr v. Jewell, 836 F.3d 1048, 1054 (9th Cir. 2016)).

Likewise, the D.C. Circuit, Sixth Circuit, and Eleventh Circuit have all held that failure of the MSPB to act within 120 days under 5 U.S.C. § 7702(e)(1)(B) confers jurisdiction on the district court to hear both discrimination and non-discrimination claims:

- Valentine-Johnson v. Roche, 386 F.3d 800, 808 (6th Cir. 2004) ("[T]he district court has jurisdiction over non-discrimination claims where the employer's EEO office failed to act within 120 days.").
- Doyal v. Marsh, 777 F.2d 1526, 1537 (11th Cir. 1985) ("[T]he entire mixed case complaint was properly before the district court.").

> *"Congress intended mixed cases to be processed expeditiously, ensuring that complainants could access a judicial forum if their claims languished in the administrative machinery."*
>
> Butler v. West, 164 F.3d 634, 640 (D.C. Cir. 1999)

D. The Magistrate's Conclusion is Legally Incorrect

The Magistrate's conclusion that jurisdiction belongs in the Federal Circuit contradicts both statutory law and controlling case law. Because Plaintiff has fully exhausted the administrative process, this Court has exclusive jurisdiction under 5 U.S.C. § 7702(e)(1)(B). Accordingly, the Report and Recommendation (ECF 70) should be rejected in full.

### 4. The Magistrate's Recommendation Misstates Jurisdiction

The R&R erroneously asserts that Plaintiff's claims fall under Federal Circuit jurisdiction via the Civil Service Reform Act (CSRA). However, well-established legal precedent confirms that whistleblower retaliation and federal employment discrimination claims properly belong in district court under 5 U.S.C. § 7703(b)(2).

- The Supreme Court has held that whistleblower retaliation claims require judicial review and cannot be summarily dismissed without factual determination (Weaver v. U.S. Info. Agency, 87 F.3d 1429 (D.C. Cir. 1996); Garcetti v. Ceballos, 547 U.S. 410 (2006)).

- The Ninth Circuit explicitly affirms district court jurisdiction for mixed cases of whistleblower retaliation and due process violations (Kerr v. Jewell, 836 F.3d 1048 (9th Cir. 2016)).

Plaintiff has fully exhausted administrative remedies through the MSPB and EEOC, confirming that the Federal Circuit lacks jurisdiction over this case (Ninth Cir. Case No. 2024-6641, ECF 15.1 at 1).

Thus, under controlling Ninth Circuit precedent, Plaintiff's claims belong in this District Court, not the Federal Circuit (Akerman v. MSPB, No. 2024-6641 (9th Cir. 2025)).

## 5. Procedural Fairness Owed to Pro Se Litigants

The Magistrate's recommendation fails to adhere to established fairness principles for pro se litigants:

- Haines v. Kerner, 404 U.S. 519 (1972), holds that pro se pleadings must be liberally construed and not dismissed without full consideration.

- Plaintiff's claims have been fully exhausted at the EEOC agency-head level, entitling Plaintiff to proceed in district court.

- No private right of action under 5 U.S.C. § 6329 is asserted—rather, the statute's procedural violations serve as evidence supporting constitutional and statutory claims.

Furthermore, Plaintiff's SAC strictly complies with pro se formatting requirements, and Defendants have not yet responded. The R&R mischaracterizes the SAC by incorrectly treating factual enhancement briefs (ECF No. 67-1) as part of the complaint.

Accordingly, dismissal at this stage is premature and improper.

## 6. State Military Officers Violating Federal Law Are Not Immune from Liability

Plaintiff asserts claims against Brett Bassler and Caesar Garduno, state military officers who acted under color of state law to violate Plaintiff's constitutional and statutory rights. Their misuse of state military authority to enforce federal employment actions violates federal law and precludes any immunity defenses.

A. Direct Constitutional Violations by State Military Officers

1. Garduno executed an indefinite suspension of Plaintiff without due process, in violation of 5 U.S.C. § 7513, leading to unlawful detention and the denial of statutory safeguards.

2. Bassler forcibly removed Plaintiff, violating 5 U.S.C. § 6329b, which resulted in the denial of workers' compensation benefits and EEO protections.

B. Legal Basis for Liability

These actions are expressly actionable under:

1. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) (constitutional claims against federal officers for due process violations).

2. 42 U.S.C. § 1983 (holding state officials accountable when they violate federally protected rights under color of state law).

C. No Immunity for Constitutional Violations

- State officials are not immune when they engage in clear constitutional violations.

- Bassler and Garduno's actions are not discretionary functions but rather unlawful abuses of power that directly violated federal employment and due process protections.

- Their conduct exceeds lawful authority, making them personally liable under federal law.

Accordingly, Plaintiff's claims against Bassler and Garduno are properly before this Court and must proceed to full adjudication.

<u>7. No Amendment is Required; The SAC Properly Pleads Violations</u>

The Second Amended Complaint (SAC) is properly pleaded and meets all federal pleading standards. The Magistrate's suggestion that the SAC requires amendment is factually and legally incorrect.

- **The SAC adheres to pro se requirements:** It follows the Court's pro se complaint form and is only 16 pages, well within accepted length limitations.

- **The SAC contains clear, plausible claims:** It meets the standards set by Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), which require only a plausible showing of entitlement to relief, not exhaustive evidentiary proof at the pleading stage.

- **No additional factual enhancement is necessary:** The claims for whistleblower retaliation, discrimination, due process violations, and constitutional deprivations are all well-supported and fully exhausted through the MSPB and EEOC.

- **The SAC's factual record is complete:** It incorporates fully adjudicated agency-level determinations, ensuring that all claims presented are ripe for judicial review.

Accordingly, no further amendment is required, and dismissal on the basis of pleading deficiencies is improper.

<u>8. Proper Remedy: Transfer or Consolidation, Not Dismissal</u>

If the Court determines that any portion of this case requires different jurisdictional review, the correct remedy is transfer or consolidation, not dismissal.

A. Transfer Under 28 U.S.C. § 1631

- The federal transfer statute, 28 U.S.C. § 1631, mandates that if a court finds that it lacks jurisdiction, it must transfer the case to the proper jurisdiction instead of dismissing it.

- In Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988), the Supreme Court reaffirmed that cases should be transferred rather than dismissed when there is uncertainty about the correct jurisdiction.
- Because Plaintiff's case is a mixed case with fully exhausted whistleblower and discrimination claims, jurisdiction belongs in district court, not the Federal Circuit.

B. Consolidation with Related Federal Cases

- Plaintiff's whistleblower and employment-related claims are intertwined with ongoing litigation in federal court.
- Rather than fragmenting these claims, the Court should consolidate related proceedings to promote judicial efficiency and avoid inconsistent rulings.

Thus, dismissal is not appropriate—the proper course of action, if needed, is transfer or consolidation.

### CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court reject the Report and Recommendation (ECF 70) in its entirety and grant the following relief:

A. Vacate the Sua Sponte Dismissal Recommendation: The Court should vacate the dismissal recommendation as procedurally improper under controlling Ninth Circuit precedent, given that no Defendant moved to dismiss and service under IFP was previously granted in ECF 15.

B. Order Completion of Service of Process Under IFP: Pursuant to 28 U.S.C. § 1915(d) and Rule 4(m), the Court should direct the United States Marshal to effect service on any remaining unserved Defendants.

C. Confirm This Court's Jurisdiction: The Court should confirm its jurisdiction under 5 U.S.C. § 7702(e)(1)(B) and 5 U.S.C. § 7703(b)(2) over Plaintiff's whistleblower retaliation and employment discrimination claims, as administrative remedies have been fully exhausted.

D. Deny Any Implied Motion to Dismiss and Permit the Case to Proceed: Defendants have not properly moved to dismiss under Rule 12(b), and the Court should permit litigation to proceed in accordance with due process.

E. Alternatively, Transfer or Consolidate Related Claims: If the Court determines that any aspect of this case is better adjudicated in another venue, the proper remedy is transfer under 28 U.S.C. § 1631 or consolidation with related cases, not dismissal.

F. Issue an Order to Prevent Further Retaliation: Given the ongoing harms, Plaintiff requests an injunction prohibiting further retaliatory actions by Defendants while litigation is pending.

G. Grant All Other Just and Proper Relief: The Court should award any other relief necessary to ensure fairness, protect Plaintiff's rights, and prevent continued obstruction of judicial review.

Respectfully Submitted,

Martin Akerman
P.O. BOX 100057
Arlington, VA 22210
(202) 656-5601
makerman.dod@gmail.com