UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Cathy A. Harris, in her personal capacity ) | | |
| and in her official capacity ) | | |
| as Member of the Merit Systems Protection Board, ) | | |
| ) | | |
| Plaintiff -Appellee, ) | | |
| ) | | |
| v. ) | Case No. 25-5037 | |
| ) | & 25-5055 | |
| Scott Bessent, in his official capacity ) | (Consolidated) | |
| as Secretary of the Treasury, et al., ) | | |
| ) | | |
| Defendants-Appellants. ) | | |

---

**MOTION OF AMICUS CURIAE TO SUPPLEMENT THE RECORD AND
OFFER THE COURT A PATH FOR CONSTITUTIONAL RESOLUTION**

---

MARTIN AKERMAN, PRO SE,
Chief Data Officer (44 U.S.C. § 3520),
of the National Guard Bureau (10 U.S.C. § 10501),
in his personal capacity.
P.O. BOX 100057
Arlington, VA 22210
(202) 656-5601

March 29, 2025

TO THE HONORABLE COURT:

Martin Akerman, appearing pro se and previously accepted as amicus curiae on behalf of the Appellants, respectfully moves to supplement the record with three documents—already matters of public record and judicial notice—that offer a codified and constitutional alternative to the extraordinary equitable relief sought by Ms. Harris in her emergency en banc motion.

## I. INTEREST OF AMICUS

Amicus is a former Chief Data Officer of the National Guard Bureau (under 10 U.S.C. § 10501 and 44 U.S.C. § 3520), and a party to FOIA litigation in this Circuit (No. 23-5309), whistleblower retaliation cases pending under OSC and the MSPB, and related habeas and replevin proceedings currently active in the District of Nevada. His interest in this motion is not hypothetical—it arises from direct, ongoing harm caused by misconduct of the very official whose reinstatement is now sought.

## II. SUMMARY OF THE SUPPLEMENTAL MATERIALS

This Motion respectfully tenders three documents:

- **Exhibit A:** A Ninth Circuit emergency motion detailing OSC arbitration rights and the statutory framework Congress intended (9th Cir. Case No. 24-6975).

- **Exhibit B:** Evidence of a binding agreement to mediate via OSC, now active in Nevada federal court (Case No. 2:24-cv-01602).

- **Exhibit C:** Motion in this Circuit seeking FOIA compliance, and raising serious unresolved allegations regarding Ms. Harris's use of her office.

Together, these documents present a codified path forward: one grounded in statutory process, transparency, and judicial oversight. They contrast sharply with Ms. Harris's resort to extra-statutory, en banc equitable reinstatement.

## III. ARGUMENT

In matters involving the separation of powers and the credibility of independent adjudicatory bodies like the MSPB, this Court must prioritize constitutional structure and lawful process over expedience. As Justice Gorsuch recently noted in Bessent v. Dellinger, even highly placed officers are not entitled to equitable reinstatement absent completion of congressionally defined remedies. Courts traditionally avoid interim injunctive relief in these contexts, favoring declaratory or monetary relief after a final adjudication.

Here, amicus respectfully urges the Court to recognize that:

1. No quorum is better than a compromised one where removal for cause has already occurred and remains lawfully contested through other channels;

2. Ms. Harris's own available legal avenues—including a Back Pay Act claim, *quo warranto* proceeding, and participation in FOIA and OSC-directed arbitration—have not been exhausted;

3. The legitimacy of the MSPB itself depends not on formal quorum, but on lawful, transparent conduct by its members.

## IV. RELIEF REQUESTED

Amicus respectfully requests that the Court:

A. Accept this motion and the three attached exhibits as a supplemental submission under Rule 29 and 28(j);

B. Take judicial notice of the FOIA, OSC, and Nevada federal proceedings offered herein;

C. Decline to grant Ms. Harris's emergency en banc motion, or any form of extraordinary equitable relief restoring her to office;

D. Encourage the parties to resolve all matters through the statutory processes already underway, ensuring fidelity to the separation of powers and public trust.

Respectfully submitted,

Martin Akerman
Pro Se Amicus Curiae
P.O. Box 100057
Arlington, VA 22210
(202) 656-5601
makerman.dod@gmail.com

Dated: March 30, 2025

## CERTIFICATE OF COMPLIANCE

This MOTION OF AMICUS CURIAE TO SUPPLEMENT THE RECORD AND OFFER THE COURT A PATH FOR CONSTITUTIONAL RESOLUTION complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) and D.C. Circuit Rule 32(e) because it contains 481 words, according to the word count feature of Google Docs. This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman).

                         Respectfully submitted,

                         Martin Akerman, Pro Se Amicus Curiae.

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2025, I electronically filed the foregoing MOTION OF AMICUS CURIAE TO SUPPLEMENT THE RECORD AND OFFER THE COURT A PATH FOR CONSTITUTIONAL RESOLUTION with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system. The eight-copy requirement is undoubtedly waived on emergency ORDER.

Respectfully submitted,

Martin Akerman, Pro Se Amicus Curiae.