# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

Martin Akerman, Pro Se,   9th Cir. Case No.   2024-6975

Petitioner,

    v.

Merit Systems Protection Board, Agency,

Respondent.   March 29, 2025

## EMERGENCY MOTION TO PRESERVE RIGHTS, RECOGNIZE TOLLING, AND CORRECT MISAPPLICATION OF JURISDICTION

**(Not a Petition for Panel Rehearing or Rehearing En Banc)**

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT:

Petitioner Martin Akerman, appearing pro se and in forma pauperis, respectfully moves this Court for reconsideration of its March 28, 2025 Order dismissing his Petition for lack of jurisdiction. This motion is not a petition for rehearing or rehearing en banc under FRAP 35 or 40. Rather, it seeks correction of clear procedural and jurisdictional error, necessary to preserve Petitioner's constitutional, statutory, and equitable rights under the Whistleblower Protection Act, the Administrative Procedure Act, and the First Amendment.

## I. PETITIONER IS A PRO SE WHISTLEBLOWER PROCEEDING IFP

Petitioner served as Chief Data Officer of the National Guard Bureau. He was constructively discharged in retaliation for lawful disclosures under 5 U.S.C. § 2302(b)(8) and (9), and has since faced obstruction across multiple forums. He filed this Petition using the Ninth Circuit's Form 3, listing pending matters before this Court—Case Nos. 2024-6166 (timely habeas) and 2024-6641 (timely mixed claim involving discrimination)—and relied in good faith on the form's guidance that this Circuit was a proper venue for agency review.

Petitioner's filings include ECF 16.1, showing he properly invoked alternative dispute resolution (ADR) procedures through OSC and attempted to compel arbitration based on that agreement. His filings have been consistent, timely, and made in pursuit of relief Congress intended for whistleblowers.

## II. PETITION TIMELY AND TOLLED

The Petition lists the date of the order as "Tolled 11/15/2024," with good cause. On that date, the Federal Circuit entered a purported panel rehearing denial in Case No. 2024-1912 (ECF No. 23)—despite the fact that no petition for rehearing had been filed. The motion filed in 2024-146 (Dkt. 28-2) demonstrates this *res ipsa loquitur* misconduct: the rehearing denial was fabricated or misfiled, then used to summarily close 2024-1912 while dismissing 2024-146 for lack of jurisdiction.

9th Cir. Case No 2024-6975                                                                 Page 3

Thus, the equitable tolling doctrine squarely applies. Petitioner's continuous efforts to obtain review, including filings in District of Nevada Case No. 2:24-cv-01602, confirm his diligence. This matter cannot be dismissed on jurisdictional grounds tainted by fraud and clerical manipulation.

### III. DISMISSAL HERE UNDERMINES OSC MEDIATION, INVESTIGATION, AND REMEDIES

Petitioner properly invoked his rights under OSC's alternative dispute resolution program, arising from a binding 2021 ADR agreement. As shown in Dkt. 16.1, Petitioner used Form 7 (Mediation Questionnaire) and filed a related appeal in Ninth Circuit Case No. 25-1002, challenging denial of OSC arbitration and improper reliance on sovereign immunity. Yet the panel's March 28 Order:

- Ignores these ADR rights and OSC's continuing role;

- Overlooks the District of Nevada's pending review in Case No. 2:24-cv-01602, which includes arbitration enforcement claims and evidentiary exhibits (see ECF 7);

- Appears to have closed Ninth Circuit Case No. 25-1002 sua sponte, despite its direct tie to both ECF 16.1 and the claims raised here.

The order thus eviscerates the statutory and contractual mechanisms Congress created for resolving whistleblower disputes through OSC and arbitration, instead forcing them into a procedural no man's land.

Case: 24-6975, 03/29/2025, DktEntry: 18.1, Page 4 of 6
USCA Case #25-5055   Document #2108429   Filed: 03/29/2025   Page 4 of 15

9th Cir. Case No 2024-6975 Page 4

## IV. PETITIONER'S RIGHTS UNDER THE FIRST AMENDMENT AND WHISTLEBLOWER PROTECTION ACT

Congress enacted 5 U.S.C. §§ 1214 and 7703(b)(1)(B) to provide a forum—any court of appeals of competent jurisdiction—for whistleblowers whose claims have been administratively exhausted. The First Amendment's Petition Clause also guarantees access to the courts.

<u>The present dismissal creates a Kafkaesque outcome:</u>

Petitioner filed in the Ninth Circuit based on tolling and jurisdictional uncertainty caused by the Federal Circuit's missteps. Dismissing now, without acknowledging the tolling or allowing transfer, renders Petitioner's only path to judicial review illusory. This contravenes the very statutory design Congress enacted to protect whistleblowers and prevent precisely this type of jurisdictional deadlock.

## V. CONGRESS ANTICIPATED THAT MSPB COULD ENGAGE IN WRONGDOING—AND REQUIRED A PATH TO REVIEW IT

Congress created two avenues of judicial review for Merit Systems Protection Board (MSPB) decisions under 5 U.S.C. § 7703:

- Petitions for Review (PFRs) in the Federal Circuit for non-discrimination claims, and

- "Mixed case" review in District Court when discrimination is alleged.

Petitioner's ongoing discrimination case, 2024-6641, was deemed a mixed case. Accordingly, the Federal Circuit has repeatedly disclaimed jurisdiction over agency wrongdoing when discrimination is involved, as in Petitioner's claims against the Department of the Air Force and OSC. Petitioner asserted his discrimination claims there—hence, the Federal Circuit's response that it lacked jurisdiction.

But Petitioner's separate claims regarding misconduct by the MSPB itself—including improper dismissals, fabricated docket entries, and the suppression of whistleblower protections—must still be heard somewhere.

Congress knew that someday the MSPB would be caught doing something wrong. It built remedies into the structure of § 7703. These claims—rooted in 2024-146, tolled to this Petition (2024-6975) and also pending in 2024-6641—require a distinct review outside the discrimination framework. The District of Nevada (2:24-cv-01602) is awaiting transfer of those matters, but that transfer was prevented by the same procedural gamesmanship cited above in the Federal Circuit.

This Court is not only a court of competent jurisdiction under § 7703(b)(1)(B); it is the only court in a position to recognize that whistleblower claims and agency misconduct must not be collapsed into the same mixed-case jurisdictional trap.

## VI. REQUESTED RELIEF

Accordingly, Petitioner respectfully requests:

A. Reconsideration of the March 28, 2025 dismissal, acknowledging jurisdictional tolling and administrative obstruction.

B. Permission to amend or supplement the Petition to include clarifying jurisdictional and equitable arguments.

C. Transfer to the U.S. District Court for the District of Nevada, or alternatively, consolidation with 2024-6166, 2024-6641, and 25-1002, all pending before this Court.

D. A declaration that this motion does not exhaust Petitioner's right to file for rehearing or rehearing en banc, and that the Court will not penalize Petitioner for procedural ambiguity caused by the Federal Circuit's and agency's own irregularities.

E. Preservation of rights to OSC-facilitated arbitration, as promised through the ADR agreement executed on June 28, 2021.

Respectfully submitted,

Martin Akerman
PO BOX 100057
Arlington, VA 22210
(202) 656-5601
makerman.dod@gmail.com

FILED

MAR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Mr. MARTIN AKERMAN,<br><br>        Petitioner,<br><br> v.<br><br>MERIT SYSTEMS PROTECTION BOARD,<br><br>        Respondent. | No. 24-6975<br><br>Agency No. DC-1221-22-0459-W-1<br>Merit Systems Protection Board<br><br>ORDER |

Before: SILVERMAN, BADE, and DE ALBA, Circuit Judges.

The court has received the responses to the January 15, 2025 order. The court lacks jurisdiction over this petition, because petitioner does not seek timely review of a Board decision concerning claims under the Whistleblower Protection Act. *See* 5 U.S.C. § 7703(b)(1)(B) (petition must be filed within 60 days); *Daniels v. Merit Sys. Prot. Bd.*, 832 F.3d 1049, 1054 (9th Cir. 2016) (section 7703(b)(1)(B) provides for judicial review of Board decisions concerning claims under the Whistleblower Protection Act "in any court of appeals of competent jurisdiction"); *see also Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 423 (2017) (the proper forum for a federal employee seeking judicial review of a Board decision dismissing a complaint alleging violations of federal antidiscrimination law is district court).

To the extent petitioner seeks relief concerning cases in the United States

Court of Appeals for the Federal Circuit, such relief must be requested from that court.

The motion (Docket Entry No. 11) to stay proceedings is denied as moot.

**DISMISSED.**

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

## ALSO IN THE FEDERAL CIRCUIT

| | |
|---|---|
| Martin Akerman, Pro Se, | 9th Cir. Case No.　　2024-6975 |
| Petitioner(s), | Fed Cir Transfer 2024-146 and 2024-1912 |
| | Agency Name　　MSPB |
| vs. | |
| | Agency Case No. DC-1221-22-0459-W-1 |
| Merit Systems Protection Board, | |
| Respondent(s). | January 17, 2025 |

## MOTION TO STAY PROCEEDINGS
## IN FEDERAL CIRCUIT CASE NOS. 2024-146, 2024-1912,
## AND NINTH CIRCUIT 2024-6975

Non-Immigration Agency

COMES NOW the Petitioner, Martin Akerman, proceeding pro se, and respectfully moves this Court to issue an order staying the above-referenced cases in light of overlapping claims, procedural irregularities, and the necessity for a consolidated review to ensure judicial efficiency and adherence to due process. This motion is filed pursuant to Rule 8 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1631.

9th Cir. Case No. 2024-6975												Page 2

# BACKGROUND

<u>Procedural Irregularities Identified in Ninth Circuit Case No. 2024-6975:</u>

ECF Nos. 1 and 5 in Ninth Circuit Case No. 2024-6975 (Federal Circuit 2024-1912 ECF 28) detail systemic procedural misconduct and fabricated filings in whistleblower retaliation claims. These issues are corroborated by the pending Supreme Court habeas matter, No. 24A658, which Justice Kagan recently denied without prejudice to further substantive review.

<u>Confirmation of Exhaustion by the EEOC:</u>

The EEOC has confirmed that Petitioner has exhausted all administrative remedies concerning discrimination claims, with no further remedies available through the Office of Federal Operations (EEOC Confirmation Letter dated January 10, 2025).

<u>Pending Actions in the Supreme Court and District of Nevada:</u>

Supreme Court Case No. 24A658 involves a pending stay regarding Ninth Circuit Case No. 2024-6166, where Res Ipsa Loquitur evidence of corruption has been identified.

Related claims are also active in the District of Nevada (Case No. 2:24-cv-01602-GMN-EJY), where overlapping whistleblower retaliation elements are being addressed, with an extended deadline of December 19, 2024, for amended filings.

## OSC and MSPB Failures:

The Office of Special Counsel (OSC) admitted administrative errors in handling whistleblower complaints (OSC File Nos. MA-21-1602 and MA-22-000917).

MSPB procedural mismanagement includes fabricated filings and improper adjudication, as documented in Federal Circuit Case No. 2024-1912.

## LEGAL BASIS

### A. Judicial Economy and Unified Review:

Pursuant to 28 U.S.C. § 1631 and Federal precedent (Carson v. DOE, 398 F.3d 1369), consolidating these cases avoids fragmented adjudication and ensures judicial efficiency.

### B. Whistleblower Protections:

Under 5 U.S.C. §§ 1214 and 2302, whistleblower retaliation claims must be adjudicated in a manner that ensures fairness and transparency.

### C. Res Ipsa Loquitur Evidence of Corruption:

Ninth Circuit findings in Case No. 2024-6166 and corroborating evidence in Supreme Court filings support the assertion that systemic misconduct warrants consolidated review.

### D. Exhaustion of Remedies:

EEOC confirmation of exhausted discrimination remedies further substantiates the necessity for judicial intervention to resolve outstanding claims comprehensively.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court:

A. Stay proceedings in Case Nos. 2024-146, 2024-1912, and 2024-6975 pending further clarification and resolution of jurisdictional and procedural conflicts.

B. Order the consolidation or transfer of all related whistleblower and discrimination claims to a single jurisdiction to ensure consistency and avoid prejudice.

C. Direct Respondents to address procedural misconduct documented in ECF Nos. 1 and 5 of Ninth Circuit Case No. 2024-6975 (see Federal Circuit 2024-1912 ECF 28) and the related Supreme Court filings.

D. Recognize Petitioner's exhausted administrative remedies as confirmed by the EEOC and include this factor in ongoing adjudication.

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Martin Akerman
Pro Se Petitioner
2001 N Adams St, Unit 440
Arlington, VA 22201
(202) 656-5601
makerman.dod@gmail.com

SERVICE TO ALL PARTIES VIA ECF

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
# ALSO IN THE FEDERAL CIRCUIT

| | |
|---|---|
| Martin Akerman, Pro Se, | 9th Cir. Case No. 2024-6975 |
| Petitioner(s), | Fed Cir Transfer 2024-146 and 2024-1912 |
| | Agency Name MSPB |
| vs. | |
| | Agency Case No. DC-1221-22-0459-W-1 |
| Merit Systems Protection Board, | |
| Respondent(s). | January 17, 2025 |

## ATTACHMENT A: EEOC Confirmation of Exhaustion

The EEOC, in correspondence dated January 10, 2025, confirmed that the Petitioner has exhausted all administrative remedies for his discrimination claims. The correspondence explicitly states that the Petitioner's only recourse is to file a civil action in the appropriate U.S. District Court

The EEOC further clarified that there are no ongoing matters or cases pending before the Office of Federal Operations, confirming that the administrative process has been fully concluded

This confirmation solidifies the Petitioner's legal standing to seek resolution of these claims through judicial review, as administrative remedies under the Equal Employment Opportunity framework have been fully pursued and exhausted. This exhaustion is relevant to ongoing appeals in the Ninth Circuit and Federal Circuit.

1/16/25, 1:19 PM  Please help me file this against the correct entity overseeing circuit court clerks - makerman.dod@gmail.com - Gmail

Case: 24-6975, 01/17/2025, DktEntry: 11.1, Page 6 of 7

USCA Case #25-5055   Document #2108429   Filed: 03/29/2025   Page 14 of 15

**OFO INTAKE**  Mon, Jan 13, 1
to me

As previously noted, we have no "case" for you. You have exhausted your administrative remedies and your only recourse is to file a civil action in the appropriate U.S. District Court.

---

**From:** Martin Akerman <makerman.dod@gmail.com>
**Sent:** Friday, January 10, 2025 2:24 PM
**To:** OFO INTAKE <ofointake@eeoc.gov>
**Subject:** Re: Please help me file this against the correct entity overseeing circuit court clerks

Please add this to the case:

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT
Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604
Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

ORDER
January 10, 2025
Before
 No. 24-3076
MARTIN AKERMAN,
 Plaintiff - Appellant
v.
NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,
 Defendant - Appellee
Originating Case Information:
District Court No: 2:24-cv-00152-BHL
Eastern District of Wisconsin
District Judge Brett H. Ludwig
Upon consideration of the MOTION TO STAY MAGISTRATE JUDGE'S STATUS
CONFERENCE, filed on January 6, 2025, by the pro se appellant,
IT IS ORDERED that the motion is DENIED.
form name: c7_Order_3J (form ID: 177)
AMY J. ST. EVE, Circuit Judge
THOMAS L. KIRSCH II, Circuit Judge
DORIS L. PRYOR, Circuit Judge
Case: 24-3076 Document: 15 Filed: 01/10/2025 Pages: 1

On Fri, Jan 3, 2025 at 11:49 AM Martin Akerman <makerman.dod@gmail.com> wrote:
> Certify that decision with your supervisor
>
> On Fri, Jan 3, 2025 at 11:15 AM OFO INTAKE <ofointake@eeoc.gov> wrote:
>> There won't be a number assigned. You have no matters before us.
>>
>> **From:** Martin Akerman <makerman.dod@gmail.com>
>> **Sent:** Friday, January 3, 2025 11:13 AM
>> **To:** OFO INTAKE <ofointake@eeoc.gov>
>> **Subject:** Re: Please help me file this against the correct entity overseeing circuit court clerks
>>
>> Whatever you want - You have a few days under 180 days. Please add OPM, the Department of Labor, and the Office of the Solicitor General based on recent findings of the Habeas Court.
>>
>> Let me know when the case number is assigned.
>>
>> On Fri, Jan 3, 2025 at 11:10 AM OFO INTAKE <ofointake@eeoc.gov> wrote:
>>> You have no open matters before the Office of Federal Operations, and, as noted below, there is no "right to sue" letter issued in the federal sector EEO process.
>>>
>>> **From:** Martin Akerman <makerman.dod@gmail.com>
>>> **Sent:** Thursday, January 2, 2025 12:46 PM

1/16/25, 1:19 PM    Please help me file this against the correct entity overseeing circuit court clerks - makerman.dod@gmail.com - Gmail

Case: 24-6975, 01/17/2025, DktEntry: 11.1, Page 7 of 7

USCA Case #25-5055    Document #2108429    Filed: 03/29/2025    Page 15 of 15

**To:** OFO INTAKE <ofointake@eeoc.gov>
**Subject:** Re: Please help me file this against the correct entity overseeing circuit court clerks

Please add this to my case and provide me with my case number.

On Tue, Dec 17, 2024 at 12:07 PM Martin Akerman <makerman.dod@gmail.com> wrote:
> Whatever - you have 180 days

On Tue, Dec 17, 2024 at 12:06 PM OFO INTAKE <ofointake@eeoc.gov> wrote:
> The Office of Federal Operations does not issue "right to sue" letters.
>
> **From:** Martin Akerman <makerman.dod@gmail.com>
> **Sent:** Tuesday, December 17, 2024 12:04 PM
> **To:** OFO INTAKE <ofointake@eeoc.gov>
> **Subject:** Re: Please help me file this against the correct entity overseeing circuit court clerks
>
> The EEOC issued rights to sue on June 21, 2022 and October 17, 2022. The Fourth Circuit and EDVA clerk conspired to prevent the filing of the exhausted EEOC rights to sue. This order is now back with the EEOC in want of corrective action.
>
> On Tue, Dec 17, 2024 at 11:57 AM OFO INTAKE <ofointake@eeoc.gov> wrote:
>> You have nothing before us.  No dismissal order will be issued.
>>
>> **From:** Martin Akerman <makerman.dod@gmail.com>
>> **Sent:** Tuesday, December 17, 2024 11:57 AM
>> **To:** OFO INTAKE <ofointake@eeoc.gov>
>> **Subject:** Re: Please help me file this against the correct entity overseeing circuit court clerks
>>
>> I placed it squarely before you.
>>
>> On Tue, Dec 17, 2024 at 11:56 AM OFO INTAKE <ofointake@eeoc.gov> wrote:
>>> You have nothing before us.  No dismissal order will be issued.
>>>
>>> **From:** Martin Akerman <makerman.dod@gmail.com>
>>> **Sent:** Tuesday, December 17, 2024 11:56 AM
>>> **To:** OFO INTAKE <ofointake@eeoc.gov>
>>> **Subject:** Re: Please help me file this against the correct entity overseeing circuit court clerks
>>>
>>> Please provide me with a dismissal order to that effect.
>>>
>>> On Tue, Dec 17, 2024 at 11:54 AM OFO INTAKE <ofointake@eeoc.gov> wrote:
>>>> Good Morning Mr. Akerman,
>>>>
>>>> The Office of Federal Operations does not have jurisdiction over the complaint you are trying to file.  You may wish to check with your local Bar Association or law schools to see if either can provide you the information you seek.
>>>>
>>>> **From:** Martin Akerman <makerman.dod@gmail.com>
>>>> **Sent:** Friday, December 13, 2024 3:24 PM
>>>> **To:** OFO INTAKE <ofointake@eeoc.gov>
>>>> **Subject:** Re: Please help me file this against the correct entity overseeing circuit court clerks
>>>>
>>>> > **CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with suspicious emails to phishing@eeoc.gov.
>>>>
>>>> I researched some - The Administrative Office of the United States Courts (AO) oversees administrative functions for federal courts, including the clerks' offices. As of March 1, 2024, the AO is led by Director Judge Robert J. Conrad, Jr.
>>>>
>>>> Please let me know if I need to file this intake in any other way.
>>>>
>>>> On Fri, Dec 13, 2024 at 1:11 PM Martin Akerman <makerman.dod@gmail.com> wrote:
>>>>> Absent retaliatory and discriminatory motives, the court would not have issued a judgment before addressing errors.
>>>>>
>>>>> Thank you,
>>>>> Martin Akerman