# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** | 2024-6975 (not 6195- ERROR)

**Case Name** | Akerman v MSPB, OSC

**Counsel submitting this form** | Pro Se

**Represented party/parties** | Martin Akerman

*Briefly describe the dispute that gave rise to this lawsuit.*

This case originates from an Alternative Dispute Resolution through the Office of Special Counsel, related to whistleblower retaliation against the Department of the Air Force.

Please kindly find the attached Notice of Appeal of both ORDER dismissing claims against federal agencies under sovereign immunity, and ORDER denying motion to compel arbitration.

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 7**                                                                 *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

see attached

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

see attached

**Signature** _____ **Date** 2/14/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                    *Rev. 09/01/22*

2

Martin Akerman
2001 North Adams Street, Unit 440
Arlington, VA 22201
(202) 656-5601
makerman.dod@gmail.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### Las Vegas

| | |
|---|---|
| MARTIN AKERMAN, PRO SE | Case No. 2:24-cv-01602-GMN-EJY |
|       Plaintiff, | |
|     v. | NOTICE OF APPEAL |
| CAESAR GARDUNO,<br>BRETT BASLER,<br>HENRY J. KERNER,<br>AND JANE/JOHN DOES 1-10, | JURY DEMANDED |
|       Defendants. | |

---

NOTICE IS HEREBY GIVEN that Plaintiff Martin Akerman, pro se, appeals to the United States Court of Appeals for the Ninth Circuit from the Order entered on February 14, 2025 (ECF No. 57), denying Plaintiff's Motion to Reconsider ECF Nos. 7 and 46, see ECF 51.

The order upheld the dismissal of claims against federal agencies and other official capacity defendants, with prejudice, effectively barring Plaintiff from pursuing those claims in the district court. It also reaffirmed the denial of Plaintiff's Motion to Compel Arbitration (ECF No. 7), preventing alternative dispute resolution.

Plaintiff contends that the district court:

1. Misapplied sovereign immunity, ignoring statutory waivers under the Whistleblower Protection Act and improperly foreclosing Ex Parte Young relief.

2. Erred in denying arbitration, contradicting established contract law principles and preventing adjudication of arbitrable claims.

3. Violated due process, by preemptively barring amendments that could cure alleged deficiencies in jurisdiction and pleading.

Plaintiff respectfully requests that the Ninth Circuit review this ruling, and allow for briefing of this case with existing petition for review 2024-6195, where Petitioner's Opening Appeal Brief is STAYED pending jurisdictional determination related to 2302(b)(8), and 2302(b)(9)(A)(i), (B), (C), or (D), as presented in the instant case against the Merit Systems Protection Board and the U.S. Office of Special Counsel.

Respectfully Submitted,

Martin Akerman
P.O. BOX 100057
Arlington, VA 22210
(202) 656-5601
makerman.dod@gmail.com

## CERTIFICATION OF COMPLIANCE AND TRUTHFULNESS

I, Martin Akerman, hereby certify under penalty of perjury that the foregoing and all supporting exhibits are true and correct to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.

I further certify that this motion is submitted in compliance with the Federal Rules of Civil Procedure, including but not limited to Rule 11, and with all applicable Local Rules of the United States District Court for the District of Nevada.

I affirm that this motion is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. The factual contentions have evidentiary support, and the legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Dated this 14th day of February, 2025.


Respectfully submitted,


Martin Akerman
P.O. BOX 100057
Arlington, VA 22210
(202) 656-5601
makerman.dod@gmail.com



Martin Akerman
2001 North Adams Street, Unit 440
Arlington, VA 22201
(202) 656-5601
makerman.dod@gmail.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA
### Las Vegas

| | |
|---|---|
| Akerman, Pro Se, | Case # 2:24-cv-01602-GMN-EJY |
| Plaintiff, | |
| v. | MOTION TO COMPEL ARBITRATION, STAY DISCOVERY, AND VACATE ENE SESSION |
| Garduno, et al, | |
| Defendants. | |

---

## I. INTRODUCTION

Plaintiff, Martin Akerman, appearing pro se, respectfully moves this Court for an order compelling arbitration, staying discovery, and vacating the scheduled Early Neutral Evaluation (ENE) session in this matter. This motion is brought pursuant to the agreement between Plaintiff and the Office of Special Counsel (OSC) as part of an Alternative Dispute Resolution (ADR) agreement dated June 28, 2021, which resulted in Plaintiff's transfer to the National Guard Bureau (NGB) as Chief Data Officer (CDO), effective December 20, 2021.

## II. BACKGROUND

On August 29, 2024, the Clerk of the Court issued a notice pursuant to Local Rule 16-6, assigning this case to the Early Neutral Evaluation (ENE) Program, with Magistrate Judge Daniel J. Albregts designated as the evaluating judge. The Clerk's notice specified that no ENE would be conducted in cases subject to arbitration. The notice further instructed that parties to cases subject to mandatory arbitration, as well as those who agree to arbitrate, must notify the Court within 14 days of the notice, warning that failure to do so could result in sanctions.

Plaintiff, Martin Akerman, asserts that the current dispute is subject to a valid arbitration agreement under the ADR agreement dated June 28, 2021. As evidence, Plaintiff submits the following documents as attachments:

- **Exhibit A:** Correspondence from the U.S. Office of Special Counsel dated May 20, 2022, which details the termination of OSC's inquiry into Plaintiff's allegations and provides notice of the right to file an Individual Right of Action (IRA) appeal with the Merit Systems Protection Board (MSPB).

- **Exhibit B:** A letter from the U.S. Office of Special Counsel dated May 3, 2023, correcting an error in the OSC file number included in previous communications regarding the case.

- **Exhibit C:** A certified mail receipt and resignation letter sent to General Daniel R. Hokanson, Chief, National Guard Bureau, emphasizing the formal communication and agreements made as part of the ADR process.

Given these documents, Plaintiff contends that the dispute falls under the arbitration provisions outlined in the ADR agreement and therefore requests that the Court compel arbitration, stay discovery, and vacate the ENE session.

# III. LEGAL STANDARDS

<u>Existence of a Valid Arbitration Agreement</u>

The party seeking to compel arbitration bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. NFL v. Gruden, 548 P.3d 775.

To compel arbitration, a moving party must establish that there is an enforceable agreement to arbitrate and that the dispute fits within the scope of the arbitration agreement. SR Constr., Inc. v. Peek Bros. Constr., Inc., 510 P.3d 794.

The Uniform Arbitration Act of 2000 (UAA), adopted in Nevada as Nev. Rev. Stat. § 38.206-248, does not require any particular formality to create an enforceable arbitration agreement. United States Home Corp. v. Ballesteros Trust, 134 Nev. 180.

<u>Scope of the Arbitration Agreement</u>

Courts should order arbitration of particular grievances unless it can be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute. DR Partners v. Las Vegas Sun, Inc., 2016 Nev. LEXIS 459.

There is a strong presumption in favor of arbitrating a dispute where a valid and enforceable arbitration agreement exists between the parties. SR Constr., Inc. v. Peek Bros. Constr., Inc., 510 P.3d 794.

In cases involving broadly worded arbitration clauses, when there is no express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail. City of Reno v. Int'l Ass'n of Firefighters, Local 731, 130 Nev. 1013.

## Delegation of Arbitrability to Arbitrator

The Federal Arbitration Act (FAA) allows the parties to agree that the arbitrator will resolve threshold arbitrability questions. Where the parties so contract, the court must enforce that agreement and refer the case to the arbitrator to determine threshold issues of arbitrability. Uber Techs., Inc. v. Royz, 517 P.3d 905.

Where the FAA governs an arbitration agreement, state courts are compelled to follow that act and any federal law construing it. Uber Techs., Inc. v. Royz, 517 P.3d 905.

## Court's Role in Determining Arbitrability

Nev. Rev. Stat. 38.045 (subsections 1 and 2) provides that, on application of a party showing an agreement to arbitrate, and upon the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. Exber, Inc. v. Sletten Constr. Co., 92 Nev. 721.

In Nevada, the district court has the authority to determine whether an agreement to arbitrate exists or a controversy is subject to an arbitration agreement. Peek Bros. Constr. v. Sr Constr., 2021 Nev. Dist. LEXIS 738.

## III. ARGUMENT

### Existence of a Valid Arbitration Agreement

On June 28, 2021, Plaintiff and the Office of Special Counsel (OSC) entered into an Alternative Dispute Resolution (ADR) agreement, resulting in the reversal of retaliatory actions by the Department of the Air Force, including agreement for the agency to repay the Plaintiff's college loans and the Plaintiff's transfer to the National Guard Bureau (NGB) as Chief Data Officer (CDO), effective December 20, 2021. Plaintiff contends that the current dispute falls squarely within the scope of this arbitration agreement.

## Scope of the Arbitration Agreement

The arbitration agreement in the ADR between Plaintiff and OSC is broad and encompasses any disputes arising out of the terms and conditions of the ADR. The current dispute is related to Plaintiff's employment and transfer conditions, which are explicitly covered by the arbitration clause in the agreement.

## Delegation of Arbitrability to Arbitrator

The ADR agreement delegates the determination of arbitrability to the arbitrator. Therefore, this Court should defer to the arbitration process for resolving any threshold issues related to the enforceability and scope of the arbitration agreement.

## Court's Role in Compelling Arbitration

In accordance with Nev. Rev. Stat. 38.045 and relevant case law, this Court is obligated to compel arbitration where a valid agreement exists and the opposing party has refused to arbitrate. Plaintiff respectfully requests that the Court order the parties to proceed with arbitration.

## IV. REQUEST TO STAY DISCOVERY AND VACATE ENE SESSION

Given the existence of a valid arbitration agreement and the pending motion to compel arbitration, Plaintiff respectfully requests that this Court stay all discovery proceedings and vacate the scheduled ENE session. This approach is consistent with the principle of conserving judicial resources and avoiding unnecessary litigation, as seen in Miceli v. Citigroup, Inc., 2016 U.S. Dist. LEXIS 38708, and Daley v. CVS Pharm., Inc., 2017 U.S. Dist. LEXIS 50549.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the motion to compel arbitration, stay discovery, and vacate the scheduled ENE session.

## VI. CERTIFICATION OF COMPLIANCE AND TRUTHFULNESS

I, Martin Akerman, hereby certify under penalty of perjury that the foregoing motion and all supporting exhibits are true and correct to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.

I further certify that this motion is submitted in compliance with the Federal Rules of Civil Procedure, including but not limited to Rule 11, and with all applicable Local Rules of the United States District Court for the District of Nevada.

I affirm that this motion is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. The factual contentions have evidentiary support, and the legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Dated this 1st day of September, 2024.

Respectfully Submitted,

Martin Akerman
2001 North Adams Street, Unit 440
Arlington, VA 22201
(202) 656-5601
makerman.dod@gmail.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA
Las Vegas

Akerman, Pro Se,                                    Case # 2:24-cv-01602-GMN-EJY

        Plaintiff,

v.

Garduno, et al,

        Defendants.

_____

This exhibit is a letter from the U.S. Office of Special Counsel (OSC) dated May 20, 2022, addressed to Martin Akerman. The letter informs Mr. Akerman that OSC has terminated its inquiry into his allegations of prohibited personnel practices under 5 U.S.C. § 2302(b)(8) or (b)(9). It also advises Mr. Akerman of his right to file an Individual Right of Action (IRA) appeal with the Merit Systems Protection Board (MSPB) and includes instructions on how to proceed with the appeal. This document serves as evidence of the administrative process in place for resolving disputes, including arbitration, under the ADR agreement.

**EXHIBIT A**



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-804-7000

May 20, 2022

*Sent via electronic mail*
Martin Akerman
2001 North Adams Street
#440
Arlington VA 22201
Makerman.ngb@gmail.com

### Re: OSC File No. MA-22-000340

Dear Mr. Akerman:

The U.S. Office of Special Counsel (OSC) terminated its inquiry into your allegations of prohibited personnel practices under 5 U.S.C. § 2302(b)(8) or (b)(9) on this date. The purpose of this letter is to notify you that you may file an "individual right of action" (IRA) appeal seeking corrective action from the Merit Systems Protection Board (Board).

In your complaint against the Office of the Chief of the National Guard Bureau (NGB), you alleged that you filed complaints with the OSC Disclosure Unit and the NGB Office of the Inspector General (OIG) regarding what you believed to be retaliatory revocation of your security clearance and access determinations. You further alleged that because of these disclosures, the agency retaliated against you by changing the billing codes used to process your timesheets.

In your IRA appeal, you may seek corrective action from the Board under 5 U.S.C. §§ 1214(a)(3) and 1221 for any personnel action taken or proposed to be taken against you because of a protected disclosure or activity that was the subject of your OSC complaint. You may file the IRA appeal with the Board within 65 days after the date of this letter. The regulations concerning rights to file an IRA appeal with the Board can be found at 5 C.F.R. Part 1209.

If you choose to file an IRA appeal with the Board, you should include this letter as part of your submission to help show that you have exhausted OSC's administrative procedures. Please note, importantly, that OSC's decision to end the inquiry into your case may not be considered or otherwise held against you in the IRA appeal. See 5 U.S.C. § 1221(f)(2); *Bloom v. Dep't of the Army*, 101 M.S.P.R. 79, 84 (2006). Although the Board may order you to submit a copy of OSC's letter closing your case, the order must contain an explanation of why the closure letter is necessary and give you the opportunity to consent. *See* 5 U.S.C. § 1214(a)(2)(B); *Bloom*, 101 M.S.P.R. at 84.

Sincerely,

*Maureen Taylor*

Maureen Taylor
Attorney
Investigation and Prosecution Division

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA
### Las Vegas

Akerman, Pro Se,                          Case # 2:24-cv-01602-GMN-EJY

        Plaintiff,

v.

Garduno, et al,

        Defendants.

_____

This exhibit contains a letter from the U.S. Office of Special Counsel (OSC) dated May 3, 2023, correcting an error in the OSC file number included in previous communications with Mr. Akerman. The letter confirms that the correct file number for Mr. Akerman's case is MA-22-000917. This document provides an update to Mr. Akerman's case status with OSC, further affirming the ongoing legal processes related to the ADR agreement.

**EXHIBIT B**



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C.  20036-4505
202-804-7000

May 3, 2023

***Sent via electronic mail***
Martin Akerman
2001 North Adams Street
#440
Arlington VA 22201
Makerman.dod@gmail.com

<u>Re: OSC File No. MA-22-000917</u>

Dear Mr. Akerman:

This letter is to inform you that an error was made in the OSC file number included in the Closure and IRA letters that your received on May 20, 2022. Please take note that the accurate number for you file is MA-22-000917.

Sincerely,

*Maureen Taylor*

Maureen Taylor
Attorney
Investigation and Prosecution Division

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA
Las Vegas


Akerman, Pro Se,                                    Case # 2:24-cv-01602-GMN-EJY

        Plaintiff,

v.

Garduno, et al,

        Defendants.

_____


This exhibit is a certified mail receipt and resignation letter from Martin Akerman addressed to General Daniel R. Hokanson, Chief of the National Guard Bureau. The letter formally communicates Mr. Akerman's resignation and highlights key elements of the Alternative Dispute Resolution (ADR) agreement that resulted in his transfer to the National Guard Bureau as Chief Data Officer (CDO). This document demonstrates formal communication and the binding nature of the ADR agreement between the parties.


**EXHIBIT C**

Return Mail Processing Center
8551 East Anderson Dr #108
Scottsdale, AZ 85255



**USPS CERTIFIED MAIL**

9214 8901 4298 0470 1538 18

0006394734000011
General Daniel R. Hokanson
Chief, National Guard Bureau
111 S. George Mason Drive
Arlington, VA 22204-1373

# See Important Information Enclosed

6 June 2022

Martin Akerman
2001 North Adams Street, Unit 440
Arlington, VA 22201
202-656-5601

General Daniel R. Hokanson
Chief, National Guard Bureau
111 S. George Mason Drive
Arlington, VA 22204-1373

# Letter of Resignation

General Hokanson,

I hereby resign from my position as Chief Data Officer of the National Guard Bureau.[123]

The agency took impermissible discriminatory actions, violated my right to due process and lied
about my ability to obtain and maintain a security clearance, placing me on Notice Leave (5
U.S. Code § 6329b) and in an indefinite unpaid suspension status, resulting in working
conditions that are so intolerable that any reasonable person would feel compelled to resign.

I elect to incur a debt to FEHB only until the end of this current pay period, 18 June 2022.

Very respectfully,

Martin Akerman
makerman.dod@gmail.com

CC:   Dr. Clark Cully, Acting Chief Data Officer, Department of Defense
      Honorable Christine Wormuth, Secretary of the Army
      Honorable Frank Kendall, Secretary of the Air Force
      Maj. Gen. Janson Boyles, Mississippi, Chairman, NGAUS
      Governor Asa Hutchinson, Arkansas, Chairman, National Governors Association
      Senator Tim Kaine, State of Virginia

---

[1] 44 U.S. Code § 3520
[2] 10 U.S. Code § 10501 - The National Guard Bureau is a joint activity of the Department of Defense.
[3] The National Guard Bureau is the channel of communications on all matters pertaining to the National Guard, the
Army National Guard of the United States, and the Air National Guard of the United States between (1) the
Department of the Army and Department of the Air Force, and (2) the several States.

County/City of Arlington
Commonwealth/State of Virginia
The foregoing instrument was acknowledged
before me this  5  day of June,
2022  by
Martin Akerman
(name of person seeking acknowledgement)

Notary Public
My Commission Expires: 05/31/2024



Brian Molina
Commonwealth of Virginia
Notary Public
Commission No. 7907182
My Commission Expires 5/31/2024

*Help With A Federal Agency | Feb 17 2022 02:26:37 | Akerman, Martin - Page 1 of 2*

 **TIM KAINE**
UNITED STATES SENATOR FROM VIRGINIA

**Privacy Act Release**

General Casework

Provisions of the Privacy Act of 1974 (Title 5, Section 552A of the United States Code) require congressional offices to obtain written permission from an individual before a federal agency can release any specific information to the Senator. Please complete the following Privacy Release Authorization and return it to our office as directed below. Family members, friends or other interested parties generally may not authorize the release of information on your behalf.

**Constituent Information**

**Name:**
Mr. Martin Akerman

**Address:**
2001 North Adams Street 440 Arlington, VA 22201

**Preferred Name:**
Martin

**Date of Birth:**
████████

**Email Address:**   **Phone Number:**   **Social Security Number:**
███████████████████████████

**Case Details**

Do you currently have an open case for the matter described above with another U. S. Senator or Representative?
No

**Federal Agency Involved:**
US Department of Defense, Office of Special Counsel

**Account/Claim Number:**
MA-21-1602

**Date of Birth:**   **Your Place of Birth:**
████████████████

**Tell us about your case**

Briefly describe your situation.
My name is Martin Akerman and I am the Chief Data Officer of the National Guard. I was the Director of Data Strategy at the Department of the Air Force in my previous role. The job of a good CDO is to increase organizational transparency, improve efficiencies and position data for information superiority. This has huge National Security implications in the case of CDO's in the Department of Defense. I am a leading CDO in the Department of Defense, the only one directly representing the 54 States and Territories. The Department of Defense is currently utilizing Prohibited Personnel Practices to push me out. These include falsifying documentation and leveraging a seemingly untouchable Security Clearance process to disqualify me from my position. The OSC appears powerless against the Department of Defense and I am kindly requesting for you to help me get a status on my OSC case including 9 PPPs dating back to the Air Force and through the National Guard. I am also kindly asking you to help me navigate a solution with the Department of Defense through OSC. Our country cannot afford to take our brightest digital talent and destroy them professionally for doing their job exceptionally well. This incentive to maintain

*Help With A Federal Agency | Feb 17 2022 02:26:37 | Akerman, Martin - Page 2 of 2*

status quo and disincentive to innovate, if left unmitigated, will be the single reason we will not be able to outpace our adversaries and inevitably lose.

I hereby authorize the office of U.S. Senator Tim Kaine to intercede on my behalf, and review all relevant documentation that Senator Kaine or his staff deems necessary in connection with my request for assistance. I further understand that the Senator's office cannot request an application be granted, and expedite requests are reviewed on a case-by-case basis by the agency. The information I have provided is true and accurate to the best of my knowledge and belief. The assistance I have requested from Senator Kaine is in no way an attempt to violate any federal, state or local law.

Signature: _____    Date: FEB, 17, 2022

Please return this form via mail, Email or fax to:

Senator Tim Kaine
ATTN: Constituent Services
231 Russell Senate Office Building
Washington, DC 20510
fax: (202) 228-6363
Email: Kaine_Casework@kaine.senate.gov



**NATIONAL GUARD BUREAU**
1636 DEFENSE PENTAGON
WASHINGTON DC 20301-1636

## DEC 2 0 2021

MEMORANDUM FOR ALL NATIONAL GUARD PERSONNEL

Subject: Appointment of a National Guard Bureau Chief Data Officer and Creating Competitive Advantage by positioning Data as a Strategic Asset

Reference: National Guard Strategic Data Management Framework, 08 June 2021

1. In accordance with the reference, I hereby designate Mr. Martin Akerman as the National Guard Bureau (NGB) Chief Data Officer (CDO).

2. The NGB CDO will lead the utilization and governance of data across the National Guard.

3. The NGB CDO, in coordination with the Army National Guard and the Air National Guard, will lead the National Guard's Implementation Plan of the Department of Defense Data Strategy. See the attached "Supporting Department of Defense Data 'Decrees'" for more information.

4. The point of contact is Mr. Martin Akerman; NGB-J6; 703-607-7125.

DANIEL R. HOKANSON
General, USA
Chief, National Guard Bureau

Attachment:
As stated

ATTACHMENT

SUPPORTING DEPARTMENT OF DEFENSE DATA 'DECREES'

1.  The Department of Defense (DoD) released a memorandum, on 05 May 2021, outlining the importance of data management in establishing information superiority and enabling better decision-making.  The National Guard plays a key role in the globally integrated and partnered Joint Force, designed and able to out-think, out-maneuver, and out-fight any adversary under conditions of disruptive change.

2.  National Guard Bureau is adopting the five DoD Data 'Decrees' as outlined in the DoD memorandum by:

   a.  Maximizing data sharing and rights for data use: all DoD data is an enterprise resource.

   b.  Publishing data assets in the DoD federated data catalog along with common interface specifications.

   c.  Using automated data interfaces that are externally accessible and machine-readable; ensure interfaces use industry-standard, non-proprietary, preferably open-source, technologies, protocols, and payloads.

   d.  Storing data in a manner that is platform and environment-agnostic, uncoupled from hardware or software dependencies.

   e.  Implementing best practices for secure authentication, access management, encryption, monitoring, and protection of data at rest, in transit, and in use.

3.  The Joint Force will rapidly integrate, evaluate, and interpret data with artificial intelligence, machine language, and big data analytics.  The National Guard Bureau Chief Data Officer will ensure the necessary data assets and expert resources are ready and empowered to help the National Guard achieve Joint All-Domain Operations, Senior Leader Decision Support and Executive Analytics while positioning our data to be visible, accessible, understandable, linked, trusted, interoperable, and secure (VAULTIS).

4.  The National Guard will leverage better and faster human and machine-aided decision making to accelerate its response to changes in the operational environment (in collaboration with allies and partners), while adopting a rapid, iterative, and modular approach to capability development that will reduce costs, technology obsolescence, and acquisition risk.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA
### Las Vegas

| | |
|---|---|
| Akerman, Pro Se, | Case # 2:24-cv-01602-GMN-EJY |
|       Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION, STAY DISCOVERY, AND VACATE EARLY NEUTRAL EVALUATION SESSION |
| Garduno, et al, | |
|       Defendants. | |

_____

THIS MATTER is before the Court on the Plaintiff's Motion to Compel Arbitration, Stay Discovery, and Vacate Early Neutral Evaluation (ENE) Session. The Court, having reviewed the motion, the exhibits attached thereto, and being otherwise fully advised in the premises, finds that the motion is well-taken and should be granted.

**EXHIBIT D - Sample Order**
Page **1** of **2**

<u>IT IS THEREFORE ORDERED that:</u>

1. Plaintiff's Motion to Compel Arbitration is hereby GRANTED. The parties are ordered to proceed with arbitration before the Office of Special Counsel (OSC) in accordance with the terms of the Alternative Dispute Resolution (ADR) agreement dated June 28, 2021.

2. The Office of Special Counsel (OSC) is hereby ORDERED to take all necessary actions to protect the Plaintiff's property interests under the Whistleblower Protection Enhancement Act (WPEA) during the arbitration process. This includes ensuring that Plaintiff's rights and interests are fully safeguarded in accordance with federal whistleblower protection laws.

3. All Discovery in this Matter is hereby STAYED pending the outcome of the arbitration proceedings.

4. The Early Neutral Evaluation (ENE) Session previously scheduled in this case is hereby VACATED.

The parties are directed to notify the Court upon the completion of the arbitration proceedings.

IT IS SO ORDERED.

DATED this ___ day of _____, 2024.

_____

United States District Judge

District of Nevada

**EXHIBIT D - Sample Order**

Page **2** of **2**