**Nos. 25-5037, 25-5055, 25-5057**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

CATHY A. HARRIS, in her personal capacity and in her official capacity as Member of the Merit Systems Protection Board,

Plaintiff-Appellee,

v.

SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al.,

Defendants-Appellants.

GWYNNE A. WILCOX,

Plaintiff-Appellee,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

Defendants-Appellants.

On Appeals from the United States District Court
for the District of Columbia

**COMBINED OPPOSITION TO EMERGENCY MOTIONS FOR STAY PENDING EN BANC REVIEW**

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
MICHAEL S. RAAB
JOSHUA M. SALZMAN
LAURA E. MYRON
DANIEL AGUILAR
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7228*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A. Parties and Amici

In *Harris v. Bessent*, Nos. 25-5037 and 25-5055, plaintiff is Cathy A. Harris, in her personal capacity and in her official capacity as Member of the Merit Systems Protection Board. Defendants are Scott Bessent, in his official capacity as Secretary of the Treasury; Trent Morse, in his official capacity as Deputy Assistant to the President and Deputy Director of the White House Presidential Personnel Office; Sergio Gor, in his official capacity as Director of the White House Presidential Personnel Office; Henry J. Kerner, in his official capacity as Acting Chairman of the Merit Systems Protection Board; Donald J. Trump, in his official capacity as President of the United States of America; and Russell T. Vought, in his official capacity as Director of the Office of Management and Budget.

In *Wilcox v. Trump*, No. 25-5057, plaintiff is Gwynne A. Wilcox. Defendants are Donald J. Trump, in his official capacity as President of the United States, and Marvin E. Kaplan, in his official capacity as Chairman of the National Labor Relations Board.

Amici appearing before the district court and this Court are the states of Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaiʻi, Idaho, Illinois, Indiana, Iowa, Kansas,

Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, and Wisconsin.

Additional amici include Martin Akerman, the states of Alaska, Ohio, and South Dakota, America's Future, the American Federation of Labor and Congress of Industrial Organizations (AFL-CIO), Americans for Prosperity Foundation, the Arizona Legislature, Coalition for a Democratic Workplace, John C. Coates, the Chamber of Commerce of the United States, Charles Cohen, Conservative Legal Defense and Education Fund, the Constitutional Accountability Center, Ariana Cotes, the District of Columbia, Sarah Fox, Jeffrey N. Gordon, Gun Owners of America, Inc., Gun Owners Foundation, Gun Owners of California, Kathryn Judge, Logan Karam, Wilma Liebman, Lauren McFerran, Lev Menand, Mark Gaston Pearce, Public Advocate Foundation, Public Advocate of the United States, Nancy Schiffer, Separation of Powers Clinic at the Catholic University of America's Columbus School of Law, Jed H. Sugerman, and U.S. Constitutional Rights Legal Defense Fund.

No intervenors participated before the district court or this Court.

### B. Rulings Under Review

Appeal Nos. 25-5037 and 25-5055 arise from the district court suit *Harris v. Bessent*, No. 1:25-cv-412 (D.D.C.), before Judge Rudolph Contreras. The rulings under review in No. 25-5037 are the district court's grant of a temporary restraining order (Dkt. 8) and accompanying memorandum opinion (Dkt. 9), issued on February 18, 2025. The court's opinion will be published in F. Supp. 3d, and is available at 2025 WL 521027. The rulings under review in No. 25-5055 are the district court's grant of summary judgment for declaratory and injunctive relief (Dkt. 39) and accompanying memorandum opinion (Dkt. 40), issued on March 4, 2025. The court's opinion will be published in F. Supp. 3d, and is available at 2025 WL 679303.

Appeal No. 25-5057 arises from the district court suit *Wilcox v. Trump*, No. 1:25-cv-334 (D.D.C.), before Judge Beryl A. Howell. The rulings under review are the district court's grant of summary judgment (Dkt. 34) and accompanying memorandum opinion (Dkt. 35), issued on March 6, 2025. The court's opinion will be published in F. Supp. 3d, and is available at 2025 WL 720914.

C.   **Related Cases**

These appeals have not previously been before this Court.

*Grundmann v. Trump*, No. 1:25-cv-425 (D.D.C. filed Feb. 13, 2025), involves a challenge to the President's removal of a principal officer from a multimember agency (the Federal Labor Relations Authority) with statutory removal restrictions, 5 U.S.C. § 7104(b).

*Dellinger v. Bessent*, No. 25-5052 (D.C. Cir filed Mar. 3, 2025), involves a challenge to the President's removal of a principal officer serving as the sole head of an agency (Office of Special Counsel) with statutory removal restrictions, 5 U.S.C. § 1211(b).

*Slaughter v. Trump*, No. 1:25-cv-909 (D.D.C. filed Mar. 27, 2025), involves a challenge to the President's removal of a principal officer from a multimember agency (the Federal Trade Commission) with statutory removal restrictions, 15 U.S.C. § 41.

/s/ Laura E. Myron
Laura E. Myron
  *Attorney, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*

**RESPONSE TO MOTIONS FOR ADMINISTRATIVE STAY**

These appeals arise from district court orders that immediately reinstated two principal executive officers—Members of the National Labor Relations Board (Gwynne Wilcox) and the Merit Systems Protection Board (Cathy Harris)—whom the President has lawfully removed. This Court correctly stayed those orders, which work a grave harm to the separation of powers and undermine the President's ability to exercise his executive authority. As a panel of this Court explained in *Dellinger v. Bessent*—when staying an order reinstating another principal executive officer whom the President removed—and as Judge Henderson reiterated in this case, "it is impossible to unwind the days during which a President is directed to recognize and work with an agency head whom he has already removed." Henderson Stay Op. 6 (Henderson, J., concurring) (quoting *Dellinger v. Bessent*, No. 25-5052, slip op. at 6 (D.C. Cir. Mar. 10, 2025)).[1] Judge Walker similarly recognized that "[t]he forcible reinstatement of a presidentially removed principal officer disenfranchises voters by hampering the President's ability to govern." Walker Stay. Op. 47 (Walker, J., concurring).

---

[1] The panel's separately-paginated opinions concurring in or dissenting from the grant of the stay motion are attached to plaintiffs' filings.

Plaintiffs erroneously contend that the President lacks inherent constitutional authority to remove them, but their argument rests on a misreading of *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), one that has been squarely repudiated by the Supreme Court. Plaintiffs' filings in this Court largely repeat the arguments raised in *Seila Law LLC v. CFPB*, 591 U.S. 197 (2020), that Congress generally may insulate principal executive officers from the President's control under *Humphrey's Executor*. But *Seila Law* definitively rejected those arguments, holding that "text, first principles, the First Congress's decision in 1789, *Myers* [*v. United States*, 272 U.S. 52 (1926)] and *Free Enterprise Fund* [*v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010)] all establish that the President's removal power is the rule, not the exception," and that *Humphrey's Executor* does not provide "a freestanding invitation for Congress to impose additional restrictions on the President's removal authority."[2]

---

[2] Harris suggests that the stay granted here applies to the removal restrictions for the Federal Reserve Board of Governors. Harris Mot. 3. That is incorrect as a factual matter; the Federal Reserve Board is not subject to the district court's injunction. Moreover, as Supreme Court Justices and court of appeals Judges have observed, the Federal Reserve is "a unique institution with a unique historical background"—*e.g.*, it has singularly distinctive predecessors, the First and Second Banks of the United States—which may illuminate the constitutional analysis. *CFPB v.*

*Continued on next page.*

An administrative stay is also unwarranted because the district court orders amount to *de jure* reinstatement beyond the equitable authority of the court. A court may not enjoin the President in the performance of his official duties, including the appointment and removal of principal officers. The Supreme Court has long recognized "the power of a court of equity to restrain by injunction the removal of a [public] officer has been denied in many well-considered cases." *In re Sawyer*, 124 U.S. 200, 212 (1888). These cases demonstrate the logic behind that rule and reflects the obvious Article II problems that arise if a court attempts to reinstate a principal executive officer removed by the President.

As the Court recently explained, requiring the President to "recognize and work with an agency head whom he has already removed," "impinges on the conclusive and preclusive power through which the President controls the Executive Branch that he is responsible for supervising." *Dellinger v. Bessent*, No. 25-5052, slip op. at 6 (D.C. Cir. Mar. 10, 2025) (quotation marks omitted). As Judge Walker recognized, this is not "an

---

*Community Financial Services Association of America*, 601 U.S. 416, 467 n.16 (2024) (Alito, J., dissenting); *accord Consumers' Research v. CPSC*, 98 F.4th 646, 657 (5th Cir. 2024) (Oldham, J., dissenting).

3

abstract constitutional injury"; "it is a serious, concrete harm." Walker Stay Op. 44 (Walker, J., concurring).

Although these appeals were initially presented to the Court in an emergency posture, this normal course of review is appropriate and has already been expedited. The government has already filed its opening brief on the merits (nine days after this Court issued a briefing schedule), briefing will be completed by April 11, and the Court has already scheduled argument for May 16.³ The panel thoroughly considered the question of whether a stay was appropriate—holding argument and issuing several considered opinions. And when the merits panel issues its decision, whichever side is aggrieved is likely to seek (and likely to obtain) Supreme Court review. There is no need for the en banc Court to weigh in at this interlocutory juncture.

Moreover, a stay of the stay is not warranted because it risks placing regulated parties in a whipsaw. If the government prevails on the merits at

---

³ Harris contends that the government waited two weeks to appeal the order here rather than appeal the temporary restraining order initially issued by the district court as it had in *Dellinger v. Bessent*, No. 25-5028, 2025 WL 559669 (D.C. Cir. Feb. 15, 2025). This Court in *Dellinger* dismissed the government's appeal, holding that the temporary restraining order was not an appealable order. *Id.* at *1. Thus, as soon as the district court issued an appealable order in *Harris*, the government immediately appealed and sought emergency relief pending appeal.

the conclusion of litigation, any actions the NLRB takes with Wilcox as a Member—including the "18 decisions (nearly one per day)" that she has issued since the district court's order, Wilcox Mot. 2—and any actions the MSPB takes with Harris as a Member, will be called into question and potentially voidable. *See Collins v. Yellen*, 594 U.S. 220, 259-60 (2021) (explaining that plaintiffs contesting agency action based on unconstitutional removal restrictions can show "compensable harm" if "the President had attempted to remove [an agency head] but was prevented from doing so by a lower court decision holding that he did not have 'cause' for removal").

In addition, it would be incongruous to grant an administrative stay to plaintiffs now when the government's request for administrative stays in this litigation and in related litigation have been denied. On March 6, the government in *Harris* moved for a stay pending appeal and an immediate administrative stay and requested the same relief in *Wilcox* on March 10. The Court ordered expedited briefing, held oral argument, and issued a stay pending appeal on March 28—but declined to grant either requested administrative stay during that time. Likewise in *Dellinger v. Bessent*, No. 25-5052 (D.C. Cir.), the government sought a stay pending appeal and an immediate administrative stay of the district court's order reinstating the

Special Counsel who had been removed by the President. The Court granted the stay pending appeal but took no action on the administrative stay request. Order, *Dellinger v. Bessent*, No. 25-5052 (D.C. Cir. Mar. 5, 2025). There is no reason for a different course of action now, particularly given that the government has demonstrated a likelihood of success on the merits and irreparable injury absent a stay.

Plaintiffs' claimed equities cannot outweigh the grave and unprecedented harm the injunctions cause to the separation of powers and the President's authority to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3. This Court correctly stayed those orders.

## CONCLUSION

This Court should deny the requests for stay pending en banc review.

Respectfully submitted,

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
MICHAEL S. RAAB
JOSHUA M. SALZMAN
DANIEL AGUILAR
 */s/ Laura E. Myron*
LAURA E. MYRON
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,244 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Georgia, a proportionally spaced typeface.

/s/ *Laura E. Myron*
Laura E. Myron