**MERITS ORAL ARGUMENT SCHEDULED MAY 16, 2025**

No. 25-5055

IN THE

# United States Court of Appeals for the District of Columbia Circuit

CATHY A. HARRIS, IN HER PERSONAL CAPACITY AND IN HER OFFICIAL CAPACITY AS MEMBER OF THE MERIT SYSTEMS PROTECTION BOARD,

*Plaintiff-Appellee*,

v.

SCOTT BESSENT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE TREASURY, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Columbia, No. 1:25-cv-00412-RC
Hon. Rudolph Contreras, J.

**REPLY IN SUPPORT OF EMERGENCY ADMINISTRATIVE STAY PENDING REQUEST FOR HEARING EN BANC**

MICHAEL J. KATOR
JEREMY D. WRIGHT
KERRIE D. RIGGS
KATOR, PARKS, WEISER & WRIGHT, P.L.L.C.
1150 Connecticut Ave., NW
Suite 705
Washington, DC 20036
(202) 898-4800
mkator@katorparks.com

LINDA M. CORREIA
CORREIA & PUTH, PLLC
1400 16th St., NW
Suite 450
Washington, D.C. 20036
(202) 602-6500
lcorreia@correiaputh.com

CARL RIZZI
LUCILLE E. BAEURLE
MILBANK LLP
55 Hudson Yards
New York, NY 10001
(212) 530-5786

NEAL KUMAR KATYAL
*Counsel of Record*
NATHANIEL A.G. ZELINSKY
KRISTINA ALEKSEYEVA
EZRA P. LOUVIS
SAMANTHA K. ILAGAN
MILBANK LLP
1850 K St., NW
Suite 1100
Washington, DC 20006
(202) 835-7505
nkatyal@milbank.com

*Counsel for Plaintiff-Appellee Cathy A. Harris*

March 30, 2025

## ARGUMENT

Appellee seeks a short administrative stay so that this Court can consider an en banc petition that will be filed tomorrow. She seeks that short stay in a case that cries out for the en banc Court's attention.

The special panel rewrote "controlling Supreme Court precedent," ignored "binding rulings of this court," and created a "direct conflict with at least two other circuits," on a matter of immense national importance. App. A 61 (Millett, J, dissenting). As a result of the order, every independent agency in our federal government now lives with "the Damocles' sword of removal" hanging overhead—the very thing the People's representatives in Congress and past Presidents deemed so dangerous when they enacted removal provisions into law. *Wiener v. United States*, 357 U.S. 349, 355 (1958).

Critical institutions we take for granted—on which society depends—are at risk. The Federal Reserve Board, which sets monetary policy and regulates banks. The National Transportation Safety Board, which investigates air accidents—such as the tragic midair collision that occurred over the Potomac just miles from the courthouse a few months ago. The Tax Court. The Court of Appeals for Veterans Claims. The list goes on. Due to the special panel's stay decision, the sword of Damocles hangs over these agencies *now*, with the appearance if not the reality of discussions being skewed by presidential pressure despite Congress's design.

Our nation depends on these institutions performing their functions without fear or favor, free from retaliation and harassment. That is all threatened by the special panel's order allowing the President to arbitrarily remove board members and commissioners. If this matter does not merit en banc review, it is hard to imagine what appeal would.

We submit this short reply to make five points.

*First*, an administrative stay is essential to preserving the status quo and preventing unnecessary disruption while the en banc Court deliberates.

Put simply: Without an administrative stay, Cathy Harris cannot go to the Merit Systems Protection Board on Monday morning and perform her official functions. Without her, and as a direct result of the panel's order from two days ago, the Board has lost a quorum. A brief administrative stay will press pause—and preserve the status quo that Congress required in legislation, and which has existed for decades and decades—while the full Court considers whether to hear this case.

The government cannot credibly dispute the need for the Merit Systems Protection Board to function. Just last week, the Solicitor General urged the Supreme Court to vacate a district court decision reinstating fired federal employees *because those employees needed to proceed through the Board process*. Application, *OPM v. AFGE*, No. 24A904 (U.S. Mar. 24, 2025).

To the extent the government professes a desire (at 4) to avoid "a whipsaw," that only underscores why an administrative stay is so critical. The status quo is Harris fulfilling her functions and the Board remaining open for business. There will be whipsaw only if the special panel shutters the Board before the en banc Court can act. Moreover, the appropriate thing to do to avoid whipsaw is follow the direction Congress gave in the removal statute that has been in place for decades and decades: Keep the congressionally mandated for-cause removal provisions in place. That will not only honor Congress's design in this case, it will also safeguard Congress's protection for other critical institutions, and avoid the sword of Damocles problems, which risk skewing agency decision-making *right now*. If there is any doubt about the strength of the special panel's stay decision, which has impugned Congress's design as unconstitutional not just for the Board but for vast numbers of other agencies, prudence dictates following the path the country has forged for many decades—at least until full evaluation by the en banc Court.

Contra the government's argument (at 5-6), it is perfectly consistent for the Court to grant Harris an administrative stay now, after denying the government's earlier request for an administrative stay. An administrative stay for Harris now preserves the status quo; the government's previously requested administrative stay would have massively disrupted the status quo. These two things are not alike.

The government's rationale (at 4 n.3) for why it delayed seeking emergency relief in this case when the District Court granted a temporary restraining order weeks ago does not wash. The government strongly contested the prior special panel's determination that the *Dellinger* "temporary restraining order was not an appealable order" and even sought emergency relief in the Supreme Court in that case. Admin. Stay Op 4. In sharp contrast, in this case, the government dragged its feet *for two weeks* after the District Court issued a temporary restraining order *reflecting the lack of harm to the government*. Given its own conduct, the government cannot meaningfully complain about a brief pause while the en banc Court considers this case.

*Second*, the government's mealymouthed footnote about the Federal Reserve Board says it all. The government cannot seriously argue the Federal Reserve is not at risk. As any first-year law student knows, the fact the Federal Reserve "is not subject to the district court's injunction" doesn't mean it is not covered by the logic of the Court of Appeals' decision. Admin. Stay Op 2 n.2.

As Judge Millett underscored, we all know where this is headed. The Federal Reserve is on the chopping block, as are many other independent institutions. Indeed, when pressed at argument to identify an agency the government thought could receive for cause removal protection constitutionally, the government could

4

point to just one: "the Administrative Conference of the United States." Oral Arg. Tr. 91. It did not say the Federal Reserve Board.

The government's current suggestion that the Federal Reserve's history "*may* illuminate the constitutional analysis" is so wishy-washy as to be meaningless. *Id*. (emphasis added). Let's be clear: The Department of Justice does not think the Federal Reserve is insulated from the special panel's ruling. Because it is not. If, as Judge Walker says, all executive power is vested in the President and removal provisions are unconstitutional, then they are unconstitutional. What applies to the Merit Systems Protection Board (which is an adjudicatory body that exercises no meaningful executive power) applies in spades to the Federal Reserve.

*Third*, the government's argument (at 3) that the District Court ordered "*de jure* reinstatement beyond the equitable authority of the court" *is not true*. As Judge Millett explained, the "injunction[] instead require[s]" "government officials to treat" Harris "as de facto office holder[] for the rest of [her] term[]." App. A 103 (Millett, J., dissenting).

But note how far the government has retreated on this issue in a matter of weeks. At the beginning of this litigation, the government argued that an Article III court is totally powerless whenever the President fires an official, in violation of the laws Congress enacted. Now the government *agrees* that the District Court had authority to provide effective relief. It just quibbles about the label.

5

*Fourth*, this Court should not force the Supreme Court's hand. The government argues (at 4) that a party "aggrieved is likely to seek (and likely to obtain) Supreme Court review." But the Supreme Court needs to intervene *only if* the Court blows past binding Supreme Court precedent and does the "*very job the Supreme Court has forbidden.*" App. A 83 (Millett, J., dissenting). If the Court applies precedent faithfully—as it must—the Supreme Court has no need to intervene.

Indeed, the Supreme Court has recently denied certiorari in cases taking aim at *Humphrey's Executor*. *See Leachco, Inc. v. CPSC*, 103 F.4th 748, 750 (10th Cir. 2024), *cert. denied*, No. 24-156, 2025 WL 76435 (U.S. Jan. 13, 2025); *Consumers' Rsch. v. CPSC*, 91 F.4th 342 (5th Cir.), *cert. denied*, 145 S. Ct. 414 (2024). This Court should not require the Justices to act. Instead, the en banc Court should step in.

*Fifth*, Harris is moving as quickly as possible. Harris recommits to filing her en banc petition—which will ask the full Court to immediately vacate the panel order, and hear both the motion and the merits appeal in one oral argument—by 11:59 PM tomorrow, on Monday, March 31. Counsel for Gwynne Wilcox has authorized the undersigned to represent that Wilcox similarly recommits to filing her en banc petition by 11:59 PM on Monday.

6

In an effort to expedite the en banc process, Harris and Wilcox jointly contacted the government and proposed a briefing schedule under which government would file a response on Tuesday, April 1, 2025 at 11:59 PM, and Harris and Wilcox would file a reply on Wednesday, April 2, 2025 at 11:59 PM, subject to the Court granting appellees leave to file a reply. Harris and Wilcox alternatively offered to agree to a more extended briefing schedule, if the government would agree to an administrative stay.

In response, the government said it was opposed to an administrative stay. The government also took the position that it could not "agree in advance to respond" to the "en banc petitions," citing Federal Rule of Appellate procedure 40(d)(4), and stated the government "will respond on the schedule the Court sets."

If the special panel denies the motion for an administrative stay, Harris respectfully requests the special panel at minimum establish a quick briefing schedule along the lines of the one outlined above. If the special panel denies the motion, Harris still requests that her motion for an administrative stay be immediately circulated to, and acted upon by, the full Court. And by establishing a briefing schedule, the special panel will at minimum ensure the matter does not languish while Harris's filing is circulated to the full Court.

## CONCLUSION

For the forgoing reasons, and those in the motion, the special panel should grant an immediate administrative stay pending her forthcoming en banc petition, which will be filed tomorrow. That action will preserve the status quo and protect Congress's architecture of the Board, an architecture that has endured for nearly a half century without challenge until the special panel nullified it. If the special panel denies the administrative stay, Harris respectfully requests that the motion be immediately circulated to the full Court, and that the full Court issue an administrative stay as quickly as possible.

|  |  |
|---|---|
| March 30, 2025 | Respectfully submitted, |
|  | /s/ Neal Kumar Katyal |
| MICHAEL J. KATOR | NEAL KUMAR KATYAL |
| JEREMY D. WRIGHT | *Counsel of Record* |
| KERRIE D. RIGGS | NATHANIEL A.G. ZELINSKY |
| KATOR, PARKS, WEISER & WRIGHT, P.L.L.C. | KRISTINA ALEKSEYEVA |
|  | EZRA P. LOUVIS |
| 1150 Connecticut Ave., NW | SAMANTHA K. ILAGAN |
| Suite 705 | MILBANK LLP |
| Washington, DC 20036 | 1850 K St., NW |
| (202) 898-4800 | Suite 1100 |
| mkator@katorparks.com | Washington, DC 20006 |
|  | (202) 835-7505 |
|  | nkatyal@milbank.com |
| LINDA M. CORREIA |  |
| CORREIA & PUTH, PLLC | CARL RIZZI |
| 1400 16th St., NW | LUCILLE E. BAEURLE |
| Suite 450 | MILBANK LLP |
| Washington, D.C. 20036 | 55 Hudson Yards |
| (202) 602-6500 | New York, NY 10001 |
| lcorreia@correiaputh.com | (212) 530-5786 |
|  | crizzi@milbank.com |

*Counsel for Plaintiff-Appellee Cathy A. Harris*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2)(A), I certify that this reply contains 1,704 words. I certify this reply also complies with the requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared using Microsoft word 14-point Times New Roman, a proportionally spaced font.

March 30, 2025

/s/ Neal Kumar Katyal
NEAL KUMAR KATYAL
  *Counsel of Record*
MILBANK LLP
1850 K St., NW
Suite 1100
Washington, DC 20006
(202) 835-7505
nkatyal@milbank.com

*Counsel for Plaintiff-Appellee Cathy A. Harris*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 30, 2025, I caused the foregoing to be electronically filed with the Clerk of the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. All counsel in this case are registered CM/ECF users and will be served by the appellate CM/ECF.

|  |  |
|---|---|
| March 30, 2025 | /s/ Neal Kumar Katyal<br>NEAL KUMAR KATYAL<br>   *Counsel of Record*<br>MILBANK LLP<br>1850 K St., NW<br>Suite 1100<br>Washington, DC 20006<br>(202) 835-7505<br>nkatyal@milbank.com<br><br>*Counsel for Plaintiff-Appellee*<br>*Cathy A. Harris* |