**ADDENDUM**

## TABLE OF CONTENTS

**5 U.S.C. § 1201** ........................................................................... **Add. 1**

**5 U.S.C. § 1202** ........................................................................... **Add. 2**

**5 U.S.C. § 1203** ........................................................................... **Add. 3**

**5 U.S.C. § 1204** ........................................................................... **Add. 4**

**§ 1201. Appointment of members of the Merit Systems Protection Board**

The Merit Systems Protection Board is composed of 3 members appointed by the President, by and with the advice and consent of the Senate, not more than 2 of whom may be adherents of the same political party. The members of the Board shall be individuals who, by demonstrated ability, background, training, or experience are especially qualified to carry out the functions of the Board. No member of the Board may hold another office or position in the Government of the United States, except as otherwise provided by law or at the direction of the President. The Board shall have an official seal which shall be judicially noticed. The Board shall have its principal office in the District of Columbia and may have field offices in other appropriate locations.

**§ 1202. Term of office; filling vacancies; removal**

(a) The term of office of each member of the Merit Systems Protection Board is 7 years.

(b) A member appointed to fill a vacancy occurring before the end of a term of office of the member's predecessor serves for the remainder of that term. Any appointment to fill a vacancy is subject to the requirements of section 1201. Any new member serving only a portion of a seven-year term in office may continue to serve until a successor is appointed and has qualified, except that such member may not continue to serve for more than one year after the date on which the term of the member would otherwise expire, unless reappointed.

(c) Any member appointed for a 7-year term may not be reappointed to any following term but may continue to serve beyond the expiration of the term until a successor is appointed and has qualified, except that such member may not continue to serve for more than one year after the date on which the term of the member would otherwise expire under this section.

(d) Any member may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office.

**§ 1203. Chairman; Vice Chairman**

(a) The President shall from time to time appoint, by and with the advice and consent of the Senate, one of the members of the Merit Systems Protection Board as the Chairman of the Board. The Chairman is the chief executive and administrative officer of the Board.

(b) The President shall from time to time designate one of the members of the Board as Vice Chairman of the Board. During the absence or disability of the Chairman, or when the office of Chairman is vacant, the Vice Chairman shall perform the functions vested in the Chairman.

(c) During the absence or disability of both the Chairman and the Vice Chairman, or when the offices of Chairman and Vice Chairman are vacant, the remaining Board member shall perform the functions vested in the Chairman.

**§ 1204. Powers and functions of the Merit Systems Protection Board**

(a) The Merit Systems Protection Board shall--

(1) hear, adjudicate, or provide for the hearing or adjudication, of all matters within the jurisdiction of the Board under this title, chapter 43 of title 38, or any other law, rule, or regulation, and, subject to otherwise applicable provisions of law, take final action on any such matter;

(2) order any Federal agency or employee to comply with any order or decision issued by the Board under the authority granted under paragraph (1) of this subsection and enforce compliance with any such order;

(3) conduct, from time to time, special studies relating to the civil service and to other merit systems in the executive branch, and report to the President and to the Congress as to whether the public interest in a civil service free of prohibited personnel practices is being adequately protected; and

(4) review, as provided in subsection (f), rules and regulations of the Office of Personnel Management.

(b)(1) Any member of the Merit Systems Protection Board, any administrative law judge appointed by the Board under section 3105 of this title, and any employee of the Board designated by the Board may administer oaths, examine witnesses, take depositions, and receive evidence.

(2) Any member of the Board, any administrative law judge appointed by the Board under section 3105, and any employee of the Board designated by the Board may, with respect to any individual--

(A) issue subpoenas requiring the attendance and presentation of testimony of any such individual, and the production of documentary or other evidence from any place in the United States, any territory or possession of the United States, the Commonwealth of Puerto Rico, or the District of Columbia; and

(B) order the taking of depositions from, and responses to written interrogatories by, any such individual.

(3) Witnesses (whether appearing voluntarily or under subpoena) shall be paid the same fee and mileage allowances which are paid subpoenaed witnesses in the courts of the United States.

(c) In the case of contumacy or failure to obey a subpoena issued under subsection (b)(2)(A) or section 1214(b), upon application by the Board, the United States district court for the district in which the person to whom the subpoena is addressed resides or is served may issue an order requiring such person to appear at any designated place to testify or to produce documentary or other evidence. Any failure to obey the order of the court may be punished by the court as a contempt thereof.

(d) A subpoena referred to in subsection (b)(2)(A) may, in the case of any individual outside the territorial jurisdiction of any court of the United States, be served in such manner as the Federal Rules of Civil Procedure prescribe for service of a subpoena in a foreign country. To the extent that the courts of the United States can assert jurisdiction over such individual, the United States District Court for the District of Columbia shall have the same jurisdiction to take any action respecting compliance under this subsection by such individual that such court would have if such individual were personally within the jurisdiction of such court.

(e)(1)(A) In any proceeding under subsection (a)(1), any member of the Board may request from the Director of the Office of Personnel Management an advisory opinion concerning the interpretation of any rule, regulation, or other policy directive promulgated by the Office of Personnel Management.

(B)(i) The Merit Systems Protection Board may, during an investigation by the Office of Special Counsel or during the pendency of any proceeding before the Board, issue any order which may be necessary to protect a witness or other individual from harassment, except that an agency (other than the Office of Special Counsel) may not request any such order with regard to an investigation by the Office of Special Counsel from the Board during such investigation.

(ii) An order issued under this subparagraph may be enforced in the same manner as provided for under paragraph (2) with respect to any order under subsection (a)(2).

(2)(A) In enforcing compliance with any order under subsection (a)(2), the Board may order that any employee charged with complying with such order, other than an employee appointed by the President by and with the advice and consent of the Senate, shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with. The Board shall certify to the Comptroller General of the United States that such an order has been issued and no payment shall be made out of the Treasury of the United States for any service specified in such order.

(B) The Board shall prescribe regulations under which any employee who is aggrieved by the failure of any other employee to comply with an order of the Board may petition the Board to exercise its authority under subparagraph (A).

(3) In carrying out any study under subsection (a)(3), the Board shall make such inquiries as may be necessary and, unless otherwise prohibited by law, shall have access to personnel records or information collected by the Office of Personnel Management and may require additional reports from other agencies as needed.

(f)(1) At any time after the effective date of any rule or regulation issued by the Director of the Office of Personnel Management in carrying out functions under section 1103, the Board shall review any provision of such rule or regulation--

   (A) on its own motion;

   (B) on the granting by the Board, in its sole discretion, of any petition for such review filed with the Board by any interested person, after consideration of the petition by the Board; or

   (C) on the filing of a written complaint by the Special Counsel requesting such review.

(2) In reviewing any provision of any rule or regulation pursuant to this subsection, the Board shall declare such provision--

   (A) invalid on its face, if the Board determines that such provision would, if implemented by any agency, on its face, require any employee to violate section 2302(b); or

   (B) invalidly implemented by any agency, if the Board determines that such provision, as it has been implemented by the agency through any personnel action taken by the agency or through any policy adopted by the agency in conformity with such provision, has required any employee to violate section 2302(b).

(3) The Director of the Office of Personnel Management, and the head of any agency implementing any provision of any rule or regulation under review pursuant to this subsection, shall have the right to participate in such review.

(4) The Board shall require any agency--

   (A) to cease compliance with any provisions of any rule or regulation which the Board declares under this subsection to be invalid on its face; and

(B) to correct any invalid implementation by the agency of any provision of any rule or regulation which the Board declares under this subsection to have been invalidly implemented by the agency.

(g) The Board may delegate the performance of any of its administrative functions under this title to any employee of the Board.

(h) The Board shall have the authority to prescribe such regulations as may be necessary for the performance of its functions. The Board shall not issue advisory opinions. All regulations of the Board shall be published in the Federal Register.

(i) Except as provided in section 518 of title 28, relating to litigation before the Supreme Court, attorneys designated by the Chairman of the Board may appear for the Board, and represent the Board, in any civil action brought in connection with any function carried out by the Board pursuant to this title or as otherwise authorized by law.

(j) The Chairman of the Board may appoint such personnel as may be necessary to perform the functions of the Board. Any appointment made under this subsection shall comply with the provisions of this title, except that such appointment shall not be subject to the approval or supervision of the Office of Personnel Management or the Executive Office of the President (other than approval required under section 3324 or subchapter VIII of chapter 33).

(k) The Board shall prepare and submit to the President, and, at the same time, to the appropriate committees of Congress, an annual budget of the expenses and other items relating to the Board which shall, as revised, be included as a separate item in the budget required to be transmitted to the Congress under section 1105 of title 31.

(l) The Board shall submit to the President, and, at the same time, to each House of the Congress, any legislative recommendations of the Board relating to any of its functions under this title.

(m)(1) Except as provided in paragraph (2) of this subsection, the Board, or an administrative law judge or other employee of the Board designated to hear a case arising under section 1215, may require payment by the agency where the prevailing party was employed or had applied for employment at the time of the events giving rise to the case of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice, including any case in

which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

(2) If an employee or applicant for employment is the prevailing party of a case arising under section 1215 and the decision is based on a finding of discrimination prohibited under section 2302(b)(1) of this title, the payment of attorney fees shall be in accordance with the standards prescribed under section 706(k) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-5(k)).

(n) The Board may accept and use gifts and donations of property and services to carry out the duties of the Board.