ORAL ARGUMENT SCHEDULED FOR MAY 16, 2025
_____

Nos. 25-5037, 25-5055

UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

**Cathy Harris**, in her personal capacity and in her official capacity as Member of the US Merit Systems Protection Board,

**Appellee**,

v.

**Scott Bessent**, in his official capacity as Secretary of Treasury, et al,

**Appellants**
_____

MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE FOR APPELLEE SUPPORTING AFFIRMANCE

JOSEPH CARSON, PE, Pro Se

Knoxville, TN 37934
jpcarson@tds.net
865-675-0236

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and D.C. Circuit Rules 26.1 and 29(b), amicus curiae Joseph Carson, PE, states no party to this brief is a publicly held corporation, issues stock, or has a parent corporation.

**STATEMENT REGARDING CONSENT TO FILE, AUTHORSHIP, FINANCIAL CONTRIBUTIONS, AND SEPARATE BRIEFING**

Appellants and Appellees were advised on April 7, 2025 of the intent of Joseph Carson, PE, to file motion for leave to become an amicus curiae. None have objected, neither have they explicitly consented.

No counsel for either party authored this brief, in whole or part and no person other than Engineer Carson contributed money for its preparation or submission. See Fed. R. App. P. 29(a)(4)(E).

Pursuant to D.C. Circuit Rule 29(d), Engineer Carson certifies a separate brief is necessary to provide the Court the perspective of a multiple-time prevailing federal agency whistleblower.

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and D.C. Circuit Rule 29(b), Joseph Carson, PE, respectfully requests leave to participate as an amicus curiae in support of Appellee Cathy Harris. Mr. Carson seeks to provide the Court with relevant legal and factual insights from his extensive experience as a career federal agency whistleblower.

**INTEREST OF AMICUS CURIAE**

Mr. Carson, a licensed Professional Engineer (PE), has successfully litigated multiple whistleblower reprisal cases before the Merit Systems Protection Board (MSPB) between 1994 and 2001. His whistleblowing efforts significantly contributed to the passage of the Energy Employees Occupational Illness Compensation Program Act (EEOICPA), facilitating over $20 billion in compensation to approximately 150,000 Department of Energy (DOE) workers and their survivors.

For nearly 25 years, Mr. Carson has pursued unresolved whistleblower disclosures addressing systematic legal misconduct within the MSPB and Office of Special Counsel (OSC), asserting significant impacts on public safety, including increased vulnerabilities culminating in the 9/11 terrorist attacks and ongoing threats to national security.

Before retiring from DOE in August 2024, Mr. Carson filed an employee

concern highlighting his whistleblower disclosures, requesting administrative action, which he claims was improperly dismissed in reprisal, potentially constituting a constructive discharge.

Mr. Carson maintains a direct and vested interest in this case, as its outcome could directly influence his planned legal claims related to whistleblower retaliation, affecting his ability to seek corrective measures and possibly recover significant financial costs incurred in his efforts to uphold professional engineering ethics and civil service merit principles.

**WHY THIS AMICUS BRIEF IS RELEVANT AND DESIRABLE**

Mr. Carson's extensive experience as a federal whistleblower uniquely positions him to address critical intersections between engineering ethics, legal ethics, and civil service integrity. He argues that preserving MSPB's independence and protecting its members from arbitrary removal are fundamental to maintaining an effective federal merit system essential for national security and public safety.

Mr. Carson stresses that removing MSPB officials without legitimate cause undermines critical checks and balances essential for merit-based governance, potentially enabling abuses of authority that pose existential threats, including scenarios such as nuclear terrorism. He highlights recent actions by former President Trump as illustrative of these concerns, emphasizing the risks associated

3

with politicizing federal agency employment practices.

By granting leave for this amicus brief, the Court will benefit from Mr. Carson's extensive, first-hand knowledge of systemic whistleblower challenges, which bear directly on the legitimacy and stability of MSPB's operations and the broader implications for national governance.

**CONCLUSION**

Mr. Carson respectfully requests that the Court grant this motion, enabling him to submit an amicus brief that clearly articulates the broader implications of the issues at stake for federal whistleblower protections, the integrity of civil service employment practices, and public safety.

Respectfully submitted,

_____/s/_____
Joseph Carson, PE, Pro Se

Knoxville, TN 37934
jpcarson@tds.net
865-675-0236

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing motion for leave to participate as amicus curiae and its proposed amicus curiae brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit on April 9, 2025, using the CM/ECF e-filing system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Joseph Carson, PE
pro se amicus curiae