

**NEAL K. KATYAL**
*Partner*
1850 K Street, NW, Suite 1100  |  Washington, DC 20006
T: +1 (202) 835-7505
nkatyal@milbank.com  |  milbank.com

May 25, 2025

**Via CM/ECF**

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

　　　　Re:　　*Harris v. Bessent*, No. 25-5055

Dear Mr. Cislak:

　　　　I write in response to the government's letter regarding the Supreme Court's order in this case.

　　　　The government considerably overstates things. The two-page *per curiam* decision does not suggest "the district court[] erred." Gov. Letter. Quite the opposite. The Court took pains not to opine on the merits of this appeal. *See* Slip Op. 1 (noting the Court "d[id] not decide" the merits because "that question [wa]s better left for resolution after full briefing and argument"); *see also* Dissent 4 (Kagan, J., dissenting). The panel should apply binding precedent—which every President in our lifetimes has respected—and uphold the structure of the Merit Systems Protection Board.

　　　　But to the extent the panel does consider the stay order—to be clear, we do not think the panel should—the decision would only undermine the government's arguments. First, the Supreme Court stated "the Government is likely to show that" the Merit Systems Protection Board "exercise[s] considerable executive power." Slip Op. 1. But the Court *also stated that the Board could* qualify for the "recognized exception" to at-will removal under *Humphrey's Executor*. Slip Op. 1. That logic refutes the government's theory that the President may arbitrarily remove anyone formally situated within the Executive Branch. After all, if the government's theory were correct, the Court could not have left the merits open after concluding that the Board likely "exercises considerable executive power."[1] Second, before the Supreme Court, the government argued that

---

[1] To be sure, the government has not demonstrated that the Board—which is at the very least overwhelmingly adjudicatory and decides cases like a court—exercises considerable executive power.

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

May 25, 2025                                                                                                    Page 2

Article III courts are powerless to issue a meaningful remedy whenever the President violates a for-cause removal statute. In granting the stay pending appeal, however, the Supreme Court gave no credence to that remedial argument. That silence speaks volumes.

      The Court should apply binding precedent, reject the effort to invalidate dozens of statutes passed by Congress, and affirm.

      Respectfully Submitted,

      */s/ Neal K. Katyal*
      Neal K. Katyal

      *Counsel for Appellee Cathy A. Harris*

cc: All counsel of record (via CM/ECF)