# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CATHY A. HARRIS, in her personal capacity and in her official capacity as Member of the Merit Systems Protection Board,<br><br>      Plaintiff-Appellee,<br><br>  v.<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al.,<br><br>      Defendants-Appellants. | No. 25-5037, 25-5055 |

## OPPOSITION TO PETITION FOR REHEARING EN BANC

The Court should deny Harris's petition for rehearing en banc.

**1.** The primary issue presented in this appeal is "Whether the Merit System Protection Board's structure violates the *Humphrey's Executor* framework." Harris Answering Br. 5 (D.C. Cir. filed Apr. 7, 2025). The panel here issued majority and dissenting opinions on that question.

**2.** In *Trump v. Slaughter*, No. 25-332 (U.S.), the Supreme Court granted certiorari before judgment to determine "Whether the statutory removal protections for members of the Federal Trade Commission violate the separation of powers and, if so, whether *Humphrey's Executor v. United States*, 295 U. S. 602 (1935), should be overruled." Order (U.S.

Sept. 22, 2025). The Court heard argument on December 8 and will likely issue a decision by June 2026.

Given that grant of certiorari to decide the relevant legal question, this Court and the Fourth Circuit have cancelled oral arguments and placed appeals in abeyance that similarly involved challenges to the President's removal of principal officers in light of asserted statutory removal restrictions. *See* Order, *Grundmann v. Trump*, No. 25-5165 (D.C. Cir. Oct. 29, 2025); Order, *Harper v. Bessent*, No. 25-5268 (D.C. Cir. Sept. 29, 2025); Order, *Boyle v. Trump*, No. 25-1687 (4th Cir. Oct. 8, 2025). There is no reason for expedited en banc review here when this Court has already determined that it is better suited to decided those cases after a decision in *Slaughter*.

**3.** Harris has previously attempted to obtain further review of her case, even before the panel here issued its decision. Harris filed a petition for certiorari before judgment, *Harris v. Bessent*, No. 25-312 (U.S.), and explicitly asked the Supreme Court to grant certiorari in her case along with certiorari in *Slaughter*. *See* Letter of Cathy Harris, *Trump v. Slaughter*, No. 25-332 (U.S. Sept. 15, 2025). The Court granted review in *Slaughter* and denied Harris's petition. Order, *Harris v. Bessent*, No. 25-312 (U.S.

2

Sept. 22, 2025). That is understandable—the forthcoming decision in *Slaughter* will determine the correct course for Harris's case.

**4.** Harris's en banc petition also inappropriately seeks to raise arguments that were never raised before. Her primary argument in support of rehearing en banc is that the Merit Systems Protection Board is actually an Article I court. Harris never made that argument previously, instead explaining that the Board was created by Congress as "a specialized Article II body to perform 'mediation and initial adjudication of federal employment disputes.'" Harris Answering Br. 25.[1] Nor was this novel contention ever considered by the district court. JA72-105. "In order to prevent 'this sort of sandbagging,'" *Sitka Sound Seafoods, Inc. v. NLRB*, 206 F.3d 1175, 1181 (D.C. Cir. 2000), the Court should not entertain this untested argument that neither the district court, nor the stay motions panel, nor the merits panel had an opportunity to consider here.

---

[1] *See also* Harris Answering Br. at 36 (arguing that "[t]he mere fact that an entity is housed within Article II, and is therefore part of the executive branch, does not mean the entity necessarily exercises the kind of executive functions that must remain subject to at-will presidential removal."); *id.* at 37 (arguing that a ruling that the Board's removal restrictions are unconstitutional would apply equally to "everyone who sits within Article II"); *cf. id.* at 17 (contrasting agencies like the Consumer Product Safety Commission with "Article I courts," and never arguing that the Board qualified as such a court).

3

        Respectfully submitted,

        MARK R. FREEMAN
        MICHAEL S. RAAB
        LAURA E. MYRON
        */s/ Daniel Aguilar*
        DANIEL AGUILAR
           Appellate Staff, Civil Division
           U.S. Department of Justice
           950 Pennsylvania Ave., NW
           Washington, DC 20530
           (202) 514-3425
           daniel.j.aguilar@usdoj.gov

        *Attorneys for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Georgia 14-point, a proportionally spaced font, and the motion complies with Federal Rule of Appellate Procedure 40(d)(3) because it contains 572 words, according to the word count of Microsoft Office 365.

        */s/ Daniel Aguilar*
        Daniel Aguilar